BOYNTON LUMBER COMPANY, RESPONDENT, v. JOHN T. EVANS, BUILDER, RUDOLPH L. TANNER ET AL., APPELLANTS.

Argued November 30, 1924—Decided January 16, 1925.

Where a building contract has not been filed, a materialman who furnishes material which enters into its construction may file a lien, and it is no defense to a suit on such lien that the owner had performed his obligations with his contractor.

On appeal from the Union County Circuit Court.

For the respondent, *Orlando H. Dey.*

For the appellants, *Earl A. Merrill.*

The opinion of the court was delivered by

MINTURN, J.    Upon motion for that purpose, the answer filed was struck out as sham and frivolous, and summary judgment was entered for the plaintiff, and from that order this appeal was taken. The suit was upon a mechanics' lien, filed by the plaintiff, as materialman, against the property of the defendant Rudolph L. Tanner, situate at Westfield.

One Gallagher, contracted with Tanner to erect a residence upon the latter's lot, and thereafter sublet the entire contract to the defendant Evans, who purchased some of the materials which entered into the structure from the Boynton Lumber Company, the plaintiff. Neither the contract with Gallagher nor the contract of the latter with Evans was filed. Evans defaulted in his work, and Gallagher completed the contract. Tanner, knowing only Gallagher in the transaction, paid him the full contract price, while Gallagher paid Evans more than the value of the material supplied by the plaintiff at the time of Evans' default. Evans instituted a mechanics' lien suit for the balance claimed to be due to him from Gallagher, making Tanner, as owner, and the Westfield Trust

Company, as mortgagee, defendants, which suit is still pending. The present suit ignores Gallagher, but includes, as will be observed, Tanner, the owner, Evans, as builder, and the mortgagee, as defendants. The defendant Tanner only filed an answer.

The defense manifestly is constructed upon the legal theory that since Evans sustained no legal relation as builder, or otherwise, with the owner Tanner, and since the owner had performed his conventual obligations with his contractor, no right of action can arise by which the acts of Evans will impose an obligation upon Tanner, particularly in view of certain alleged dealings between the plaintiff, Gallagher and Tanner, which it is contended should be subjected to the discussion and scrutiny of a jury for determination.

Our examination of the facts lead us to the conclusion that there was no jury question involved in the case, and that the answer was properly struck out at the Circuit. Obviously, the contractual relationship of the parties is not the matter in issue, since the right of the plaintiff to recover is based entirely upon the statutory remedy provided for the purpose by the Mechanics' Lien act.

Under the statutory liability created by the act, where the contract *inter partes* has not been filed, it becomes immaterial to inquire whether the owner paid the contractor, and whether the contractor paid his subcontractors, the only inquiry being whether the materialman has been paid. *Gardner & Meeks Co.* v. *New York Central Railroad Co.,* 72 *N. J. L.* 257.

An answer, therefore, which avers facts not legally responsive to this inquiry, is in contemplation of law either sham or frivolous, and, upon motion, may be struck out upon either ground. *Eisele & King* v. *Raphael,* 90 *N. J. L.* 219; *Fidelity, &c., Co.* v. *Wilkes-Barre Co.,* 98 *Id.* 507.

This view of the pleadings, and of the legal status of the parties, renders unnecessary consideration of the other contentions presented by the briefs.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMP-BELL, LLOYD, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.