The bill of complainant alleges that on September 15th, 1924, a mechanics' lien judgment was entered in the Union circuit court in favor of Boynton Lumber Company generally against John T. Evans, builder, and against the complainants, as owners, specially to be made of their building and lands, which judgment was affirmed by the court of errors and appeals (128 Atl. Rep. 180); that after the last material was furnished for which the lien was claimed and before the *Page 86 
mechanics' lien suit was commenced, Evans, the builder, executed and delivered to the Boynton Lumber Company a chattel mortgage to secure the indebtedness upon which the lien claim was founded, and that about the same time Evans also assigned a chose in action to the Boynton Lumber Company. It is not alleged that the chose in action was assigned to secure said indebtedness or in part payment thereof. The bill further alleges that Boynton Lumber Company has not attempted to collect its general judgment against Evans, and that it has not applied any part of the collateral given it by Evans, on account of said judgment. Complainants claim that Boynton Lumber Company should apply the security given it by Evans in payment or reduction of said special judgment against complainants, but that the company refuse to make such application. The bill further alleges that complainants are uncertain as to their rights and status, and prays a declaration by this court as to whether Boynton Lumber Company should not be required to apply the securities received by it from Evans in payment or reduction of the judgment, and whether complainants may be subrogated to the rights of the Boynton Lumber Company in any security given it by Evans. The bill makes Evans and Boynton Lumber Company defendants and prayssubpoena ad respondendum against and answer by them and for such other relief as shall be equitable and just.
The defendant Boynton Lumber Company now moves to strike out the bill on the ground that it discloses no cause of action, in that it sets forth no facts which would entitle complainants to have the securities received by it from Evans applied to the payment or reduction of its judgment against complainants, or which would entitle complainants to be subrogated to the rights of said defendant in any securities given it by Evans, and on the further ground that the matters involved in the bill are resadjudicata under the decision of the court of errors and appeals, and that the bill prays for no specific relief against said defendant.
The bill is filed under P.L. 1924 ch. 140, known as the Uniform Declaratory Judgments act, which empowers *Page 87 
courts of record "within their respective jurisdictions * * * to declare rights, status and other legal relations, whether or not further relief is or could be claimed." To entitle complainants to have this court consider the situation set out in their bill, and to render a declaratory judgment thereon, it should appear, from the facts alleged, that they have present rights against the persons whom they made parties to the proceedings, with respect to which they may be entitled to some relief. If it appears from the bill that the complainants can have no relief as against any party they have named as a defendant, such party should not be forced into a litigation which can have no final result in favor of complainants, especially if such litigation will delay the party defendant in enforcing rights which have already been established in his favor as against complainants.
The bill shows that in a mechanics' lien suit Boynton Lumber Company recovered a general judgment against the builder and a special judgment against complainants, to be made specially of complainants' building and lands, which judgment has been affirmed by the court of errors and appeals. This judgment fixes definitely the rights and liabilities of the parties, and it is not within the jurisdiction of this court to interfere with such rights and liabilities by determining them to be otherwise than the court of errors and appeals said they were.
Under the Mechanics' Lien act (Comp. Stat. p. 3291) Boynton Lumber Company is not required to first attempt to collect its general judgment by issuing execution against the builder, but (section 27) it may issue a separate execution on its special judgment, by virtue of which (section 28) the sheriff shall advertise, sell and convey complainants' building and lands in the same manner as directed by law in case of lands levied on for debt. This is a statutory right given to this defendant, and this court cannot, by a declaratory decree, determine, as complainants suggest, that the company shall proceed, in the first instance, on its general judgment against the builder before proceeding to sell complainants' building and lands. *Page 88 
The further claim which complainants make to equitable consideration is that Boynton Lumber Company holds other security for the debt on which the judgment is founded, which complainants suggest should be first applied to the payment or reduction of the judgment before recourse is had to complainants' building and lands. The Mechanics' Lien law was, in effect, written into and became a part of the contract under which complainants' building was erected, with the same effect as if actually incorporated therein in express terms. By failing to file their contract in the county clerk's office, as provided by the law, complainants impliedly agreed that their building and lands should be liable for the material furnished by Boynton Lumber Company to the builder. Under the law the builder's debt became a lien upon complainants' building and lands from the time such material was furnished and the proceedings in the circuit court, so far as complainants were concerned, was an action quasi in rem to establish and foreclose the lien which complainants had, by virtue of the law, given the Boynton Lumber Company. The lien having been established by judgment, complainants cannot now say that Boynton Lumber Company must look to some other fund or security for the satisfaction or reduction of the judgment before proceeding to collect thereon.
Complainants seem to invoke the doctrine of marshaling of assets or securities. This doctrine is that if a creditor has a lien on or interest in two funds for a debt, and another creditor of the same debtor has a lien on or interest in but one of the funds, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claim of both creditors. But that is not the situation here. There are not two funds in question belonging to the builder, nor are complainants creditors of the builder until they pay the judgment. They seek to escape payment of their debt to Boynton Lumber Company by compelling that company to look to another fund in which complainants have no interest. Moreover, the doctrine of marshaling of assets or securities does not apply when it will trench upon the *Page 89 
rights or operate to the prejudice of the party entitled to the double fund. Boynton Lumber Company has the right to resort to the most speedy and efficacious mode of obtaining satisfaction of its debt, and it should not be put to any loss, delay or additional expense in collecting. Foreclosure of its chattel mortgage security may demonstrate that it is adequate security for its debt, but, on the other hand, how far the mortgagor's title to the chattels is good, or encumbered, or whether the chattels will be available to answer the debt, are all matters of uncertainty and their determination will mean delay, risk and expense for the benefit of complainants.
Complainants cannot ask to be subrogated to the rights of Boynton Lumber Company in its general judgment against the builder, or in its chattel mortgage and assigned chose in action security, until they first satisfy the Boynton Lumber Company judgment. If complainants pay the judgment, it is possible that Boynton Lumber Company will, on demand, assign such security to complainants. Until the judgment is satisfied and demand for the collateral is refused, there is no dispute between complainants and Boynton Lumber Company, and this court should not determine an hypothetical question, namely, whether if complainants pay the judgment, Boynton Lumber Company should assign the collateral in question to him. This court, even under the provisions of the Uniform Declaratory Judgments act, should not undertake to decide or declare the rights or status of parties upon a state of facts which is future, contingent and uncertain.
The bill of complaint will be dismissed as to Boynton Lumber Company, with costs. *Page 90