The bill is to foreclose a $3,000 mortgage given by the defendant Louisi to the complainant, September 25th, 1929. Marguerite B. Todd was admitted as a defendant and filed a counter-claim to impress an equitable lien for $632, balance of the purchase price of the mortgaged premises conveyed by one Fannie R. Todd to the mortgagors, September 25th, 1929. The defendants, Allied Builders Corporation and Brodsky Son are answering mechanics' lien claimants, and Eastern Sash and Door Company is a judgment creditor.
It is proved that only $1,300 was advanced on the mortgage and that there is presently due $1,195, and for that a decree may be entered.
The counter-claim of Marguerite B. Todd must be dismissed. *Page 620 
If there is anything due for purchase-money it is due to Fannie R. Todd's executrix, not to this defendant individually, although be it that she is her sole legatee and executrix of her will.Buchanan v. Buchanan, 75 N.J. Eq. 274. Had she sued as executrix, then, upon the face of her counter-claim and the supporting proof, it would have been found that she is entitled to a vendor's lien superior to the mortgage. But had the complainant in its answer to the counter-claim set up that the vendor waived or subordinated her equitable lien to the mortgage, the proofs would have warranted a decree sustaining the mortgage debt as a prior lien, for they show that the vendor conveyed to the Louisis so they could give the mortgage, and that the complainant would not have made advances had not title been in them. The conveyance was made upon part payment of the purchase, $665, paid out of the money advanced, and in the expectation that the rest, $632, would be forthcoming out of the balance of the mortgage money when paid, which was to be paid only if and when the house on the land, which the Louisis were building, was completed; and it has not been completed. If there was a promise to pay out of the balance, as is alleged, the vendor fully understood that the promise was conditioned upon the mortgagors earning the mortgage money by completing the building, and she parted with her title on that understanding. The complainant explicitly refused to take any personal responsibility in that respect.
The vendor's executrix would be entitled to a lien superior to the lien claimants and the judgment creditor (National Bank ofthe Metropolis v. Sprague, 20 N.J. Eq. 13), but neither they nor the owner defendants have been served with or ruled to plead to the counter-claim.
The Allied Builders Corporation defaulted at the hearing and their claim is not considered.
Brodsky Son answer the bill, that the money advanced by the complainant was not used in the building on the premises to entitle the mortgagee to priority under section 15 of the Mechanics' Lien act, but there is nothing in the answer that the owners built on the mortgaged premises or that the claimants contributed work or material towards a *Page 621 
building on the mortgaged premises, or any facts that show a mechanics' lien or priority over the mortgage; and furthermore there is no proof. They said at the hearing and they assert in their brief that the superiority of their claim is established by a judgment at law, and that the priority is res adjudicata, but it is not pleaded; and there is no proof.
The court may decide only the issues raised by the pleadings and a decree must be limited to the issues decided. Beyond that, a decree is a nullity. Meritoriously, this decision may be all wrong. But counsel have prepared the pleading, put in their proof, submitted their arguments and have called for a decision. It is given on the pleadings and the proofs supporting the pleadings; not on the briefs, which argue much not to be found in issue. On the pleadings and proofs, as they stand, the complainant's mortgage is adjudged to be the first and prior lien. Other liens, if any, may be disposed of on application for surplus money.
Pleading seems to have lost much of its charm to the bar since the Chancery act of 1915. Too many seem not to distinguish between simplified pleading and shiftless pleading. That carefully prepared piece of legislation was intended to simplify our procedure and the appended forms were meant to indicate simple and concise pleading. The short forms were not intended to dispense with precise pleading of causes for action and the defenses. The furbelows of the old forms were discarded, but not the requisites of a bill — a plain statement of the premises and the relief sought, nor the essentials of an answer — a clear admission or a denial of each allegation of fact or an explanation of the facts alleged in the bill, in avoidance of the charges and a discovery of new facts sought. Nothing could be more simple. Under the heading of "Separate Defenses" specific defenses are to be set up, such as statute of limitations, statute of frauds, estoppel, laches and the like; defenses that are additional to the answer proper.
If counsel feel that wrong results from the course the court is in duty bound to take, application may be made for a rehearing and a straightening out of the pleadings and proofs; but with the usual penalties. *Page 622