**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5465-16T3

SECURUS TECHNOLOGIES, INC.,

     Plaintiff-Appellant,

v.

PHIL MURPHY,[1] GOVERNOR OF
NEW JERSEY, in his official capacity,
GURBIR S. GREWAL, ATTORNEY
GENERAL OF NEW JERSEY, in his
official capacity, MARCUS O. HICKS,
ACTING COMMISSIONER OF THE
NEW JERSEY DEPARTMENT OF
CORRECTIONS, in his official capacity,
and CAROLE JOHNSON, COMMISSIONER
OF THE NEW JERSEY DEPARTMENT
OF HUMAN SERVICES, in her official
capacity,

     Defendants-Respondents.

_____

Argued February 4, 2019 – Decided March 18, 2019

Before Judges Messano, Fasciale and Gooden Brown.

---

[1] Names of public officers have been substituted pursuant to Rule 4:34-4.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0143-17.

Russell M. Blau (Morgan, Lewis & Brockius) of the District of Columbia Bar, admitted pro hac vice, argued the cause for appellant (Morgan, Lewis & Bockius, LLP, attorneys; Russell M. Blau and Alex R. Daniel, on the briefs).

Chanel Van Dyke, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Jason W. Rockwell, Assistant Attorney General, of counsel; Chanel Van Dyke, on the brief).

Eric Jesse argued the cause for amicus curiae American Civil Liberties Union of New Jersey (American Civil Liberties Union of New Jersey Foundation and Lowenstein Sandler, LLP, attorneys; Liza F. Weisberg, Alexander R. Shalom, Jeanne M. Locicero and Edward L. Barocas, on the brief.)

PER CURIAM

In 2016, the Legislature enacted the Rate Control Law (RCL), N.J.S.A. 30:4-8.11 to -8.14, which provides that State, county and private correctional facilities may only contract for inmate call services (ICS) with a "qualified vendor" that limits the rate charged to inmates to eleven cents per minute. N.J.S.A. 30:4-8.12(a).[2] The RCL also forbids any correctional facility to "accept

---

[2] The RCL also provides "that if international calls are included in the telephone services made available for inmates, those calls shall be made available at

or receive a commission or impose a surcharge for telephone usage by inmates in addition to the charges imposed by the telephone service provider." N.J.S.A. 30:4-8.12(b). These provisions of the RCL apply to "any new or renewal contract . . . in effect on or after the date of enactment," August 31, 2016. L. 2016, c. 37, § 5.

Plaintiff Securus Technologies, Inc. provided ICS to inmates at the Passaic County Jail and the Cape May County Correctional Center pursuant to contracts awarded in 2010 and 2013, respectively. Plaintiff filed a complaint in January 2017 seeking injunctive and declaratory relief against the then-governor and various state officials (collectively, the State), arguing that the RCL violated the takings and due process clauses of the United States Constitution, United States Constitution amendment V, and the takings clause of the New Jersey Constitution. N.J. Const. art. I, ¶ 20.

Plaintiff's complaint alleged that it had made substantial "infrastructure" improvements at the facilities, the costs of which it could no longer recoup because of the RCL's statutory limit on ICS phone charges. It alleged that the

---

reasonable rates subject to Federal Communications Commission rules and regulations, but not to exceed [twenty-five] cents per minute." N.J.S.A. 30:4-8.12(c). The statute also requires every correctional facility to establish "either a prepaid or collect call system, or a combination thereof, for telephone services for inmates." N.J.S.A. 30:4-8.13(a).

rate limit prohibited plaintiff's ability to seek renewal of its current contracts or bid on future contracts.

The State did not answer, but instead moved to dismiss the complaint with prejudice for failure to state a claim for relief. R. 4:6-2(e). In support of the motion, the State provided the Passaic and Cape May County documents regarding plaintiff's contracts. The State argued that plaintiff lacked standing because the contract with Passaic County had expired and the county had awarded a new contract to a different vendor, and the Cape May contract was unaffected by the RCL. The State also argued that plaintiff had no defined "property interest" in future contracts and could not invoke the Declaratory Judgment Act (DJA), N.J.S.A. 2A:16-50 to -62, because there was no "justiciable controversy." The American Civil Liberties Union (ACLU) intervened and supported the State's motion.

The judge accepted that plaintiff no longer had the contract with Passaic County, and its contract with Cape May was not subject to the RCL, inasmuch as the statute only applied prospectively. She also accepted the State's argument that plaintiff lacked standing under the DJA and dismissed plaintiff's complaint with prejudice, stating it had failed to "plead facts establishing an actual controversy."

Before us, the parties and the ACLU have essentially repeated their arguments. Plaintiff argues, alternatively, that it should be permitted to file an amended complaint because the dismissal with prejudice was improper. Having considered these arguments, we reverse and remand for further proceedings consistent with this opinion.

"The standard a trial court must apply when considering a Rule 4:6-2(e) motion to dismiss a complaint for failure to state a claim upon which relief can be granted is 'whether a cause of action is "suggested" by the facts.'" Teamsters Local 97 v. State, 434 N.J. Super. 393, 412 (App. Div. 2014) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "Rule 4:6-2(e) motions to dismiss should be granted in 'only the rarest [of] instances.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165 (2005) (alteration in original) (quoting Lieberman v. Port Auth. of N.Y. & N.J., 132 N.J. 76, 79 (1993)). The plaintiff's version of the facts are treated "as uncontradicted . . . accord[ed] . . . all legitimate inferences. . . . [W]e accept[ed] them as fact" for purposes of review. Id. at 166. The critical concern is whether, upon review of the complaint, exhibits attached thereto and matters of public record, there exists "the fundament of a cause of action"; "the ability of the plaintiff to prove its allegations is not at issue." Id. at 183 (citing Printing Mart, 116 N.J. at 746).

We review the trial court's decision de novo. <u>Flinn v. Amboy Nat'l Bank</u>, 436 N.J. Super. 274, 287 (App. Div. 2014).

Most importantly, "[i]n those 'rare instances,'" where a motion to dismiss is granted, <u>id.</u> at 286 (quoting <u>Smith v. SBC Commc'ns, Inc.</u>, 178 N.J. 265, 282 (2004)), "ordinarily [it] is granted without prejudice." <u>Id.</u> at 286-87 (quoting <u>Hoffman v. Hampshire Labs, Inc.</u>, 405 N.J. Super. 105, 116 (App. Div. 2009)). We will reverse a "with-prejudice" dismissal of a plaintiff's complaint when it is "premature, overbroad" or based upon a "mistaken application of the law." <u>Id.</u> at 287. And, we generally accord the plaintiff an opportunity to amend the complaint to allege additional facts that support the legal theory pled in the complaint. <u>Hoffman</u>, 405 N.J. Super. at 116.

As the Court recently said:

> By vesting New Jersey courts with the "power to declare rights, status and other legal relations, whether or not further relief is or could be claimed," the DJA provides all individuals and organizations, public or private, with a forum to present bona fide legal issues to the court for resolution. The Legislature intended the Act to provide "relief from uncertainty and insecurity with respect to rights, status and other legal relations."
>
> [<u>In re N.J. Firemen's Ass'n Obligation to Provide Relief Applications Under Open Public Records Act</u>, 230 N.J. 258, 275 (2017) (citing N.J.S.A. 2A:16-51 to -53).]

6

Although it is remedial in nature and should be liberally construed, N.J.S.A. 2A:16-51, the DJA prohibits courts "from 'declar[ing the] rights or status of parties upon a state of facts which are future, contingent and uncertain.'" Ibid. (alterations in original) (quoting Lucky Calendar Co. v. Cohen, 20 N.J. 451, 454 (1956)). "It follows, then, that a declaratory judgment claim is ripe for adjudication only when there is an actual controversy, meaning that the facts present 'concrete contested issues conclusively affecting' the parties' adverse interests." Ibid. (quoting N.J. Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949)).

"It is the threshold findings of both justiciability and standing which form the basis for relief under the [DJA]." In re Ass'n of Trial Lawyers of Am., 228 N.J. Super. 180, 184 (App. Div. 1988) (citing N.J. Home Builders Ass'n v. Div. on Civil Rights, 81 N.J. Super. 243, 252 (Ch. Div. 1963)). Those issues are subject to our de novo review. In re Vicinage 13 of the N.J. Super. Ct., 454 N.J. Super. 330, 337 (App. Div. 2018).

We have no doubt that plaintiff had standing to maintain an action under the DJA and presents a justiciable controversy that challenges the constitutionality of the RCL. As to standing, our courts have traditionally taken a broader view than our federal counterparts. Ibid. "In essence, a plaintiff must have an interest in the subject matter in order to maintain a declaratory judgment

action." Cty. of Bergen v. Port of N.Y. Auth., 32 N.J. 303, 307 (1960). "[T]he Court has 'consistently held that in cases of great public interest, any "slight additional private interest" will be sufficient to afford standing.'" Vicinage 13, 454 N.J. Super. at 337-38 (quoting N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 453 N.J. Super. 272, 301 (App. Div.), certif. denied, 233 N.J. 378 (2018)).

Plaintiff has such an identifiable interest, even though it no longer has a contract with Passaic County and the contract it had with Cape May County was unaffected by the RCL. This is so because plaintiff's complaint alleged that it had invested monies in infrastructure improvements in both counties, and that these kinds of improvements were necessary predicate costs any telecommunication provider would incur going forward in bidding on future contracts. Plaintiff's essential complaint was that by capping the per-call charges to inmates, the RCL unconstitutionally restricted its ability to recoup its costs already expended and to bid in the future.

Furthermore, the RCL requires all correctional institutions to provide for ICS. As the ACLU rightly stresses in its brief, the issue is of great public importance to inmates and their families and friends.[3]

---

[3] We need not detail the long history of the FCC's involvement in the setting of rates for ICS. Global Tel*Link v. FCC, 866 F.3d 397, 404 (D.C. Cir. 2017). It

Nor do we find that the complaint presents a non-justiciable issue because plaintiff alleges only potential impacts from the RCL. Although courts should avoid "decid[ing] or declar[ing] the rights or status of parties upon a state of facts which is future, contingent and uncertain[,]" Trial Lawyers, 228 N.J. Super. at 184 (quoting Tanner v. Boynton Lumber Co., 98 N.J. Eq. 85, 89 (Ch. 1925)), there is nothing speculative about plaintiff's allegations. See, e.g., Trs. of Rutgers Coll. in N.J. v. Richman, 41 N.J. Super. 259, 284 (Ch. Div. 1956) ("In a declaratory judgment action, no wrong need be proved, but the mere existence of a claim or threat of a possible claim disturbing the peace or freedom of the plaintiff by casting doubt or uncertainty upon the plaintiffs' right or status establishes the requisite condition of justiciability.").

We recognize judicial reluctance to entertain DJA actions, particularly when the plaintiff's claim rests upon the unconstitutionality of a statute. Trial Lawyers, 228 N.J. Super. at 183. However, the State's reliance on our decision in that case is misplaced. There, we held that the plaintiff had no standing to challenge the constitutionality of the Punitive Damages Act because the legislation did not affect the associational rights of the plaintiff's members or

_____

suffices to say that the issue is one of significant public and governmental interest.

the individual rights of lawyers to represent their clients.  Id. at 186-87.  Here, based only on the allegations in the complaint, the RCL allegedly affects plaintiff's ability to conduct business in New Jersey.

We recognize that plaintiff's complaint only alleged the RCL was unconstitutional because it amounted to a taking without just compensation, in violation of the takings clauses of the Federal and New Jersey Constitutions.  We further acknowledge, at least from our review of the arguments in the Law Division, that the State apparently presented a substantive argument in support of the motion, i.e., that plaintiff had no constitutionally protected property interest in future contracts.  However, it does not appear from the judge's oral opinion that she specifically addressed that issue.

"The New Jersey Constitution provides protections against governmental takings of private property without just compensation, coextensive with the Takings Clause of the Fifth Amendment of the United States Constitution."  Klumpp v. Borough of Avalon, 202 N.J. 390, 405 (2010) (citing Mansoldo v. State, 187 N.J. 50, 58 (2006)).  A statute that "operates to affirmatively preclude plaintiff[] . . . from realizing a fair and reasonable rate of return on [its] investment . . . would raise serious constitutional issues . . . ."  N.J. Ass'n of Health Plans v. Farmer, 342 N.J. Super. 536, 553 (Ch. Div. 2000) (citing State

Farm Mut. Auto. Ins. Co. v. State, 124 N.J. 32 (1991)).  The burden upon any plaintiff pursuing such a challenge is a heavy one.  State Farm, 124 N.J. at 45-49.

The State correctly argues that plaintiff has no constitutionally protected property right to future contracts.  N.J. Ass'n of School Adm'rs v. Schundler, 211 N.J. 535, 561 (2012).  However, broadly read, plaintiff's complaint alleges an inability to obtain a profitable rate of return on investments already made because it cannot recoup those costs under the rate limits of the RCL.

We venture no opinion at all on the success of such a claim, and the State certainly will be able to challenge the bona fides of plaintiff's assertion.  Nor should this opinion be read as denying the State's ability to limit the scope of any constitutional challenge.  For now, all we say is that it was error to dismiss the complaint under Rule 4:6-2(e) because it suggested a "fundament of a cause of action . . . ."  Banco Popular, 184 N.J. at 183 (citing Printing Mart, 116 N.J. at 746).

Moreover, dismissing the complaint with prejudice and without providing plaintiff with an opportunity to amend was contrary to the cases we have cited.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11                                    A-5465-16T3