**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4556-15T4

ABDM PROPERTIES,
LIMITED LIABILITY
COMPANY,

    Plaintiff-Appellant,

v.

BOHDAN O. MEUSZ, NANCY
A. BERLS-MEUSZ, ALAN
GEORGE FROSS, COLDWELL
BANKER REAL ESTATE
SERVICES LLC, d/b/a
COLDWELL BANKER RESIDENTIAL
BROKERAGE, COLDWELL BANKER
RESIDENTIAL REAL ESTATE LLC,
BRUCE ZIPF,[1] CLARKE TOOLE and
CHARLOTTE SEARS,

    Defendants-Respondents.

---

Argued May 23, 2017 — Decided August 23, 2017

Before Judges Espinosa and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Docket No. L-
0272-16.

Rajeh A. Saadeh argued the cause for
appellant.

---

[1] Incorrectly impleaded as "Bruce Zipp."

Alan R. Levy argued the cause for respondents Bohdan O. Meusz and Nancy A. Berls-Meusz (Weiss & Weiss, LLC, attorneys; Mr. Levy and Michael Weiss, of counsel and on the brief).

Marisa R. De Feo argued the cause for respondents Alan George Fross, Coldwell Banker Real Estate Services, LLC, Coldwell Banker Residential Real Estate, LLC, Bruce Zipf, Clarke Toole and Charlotte Sears (Saul Ewing LLP, attorneys; Ms. De Feo, Francis X. Riley, III, and Caitlin P. Strauss, on the brief).

PER CURIAM

Defendants filed motions to dismiss the complaint of plaintiff ABDM Properties LLC pursuant to Rule 4:6-2(e). Plaintiff appeals from orders granting both motions that dismissed its complaint with prejudice. Following our plenary review of the dismissal for failure to state a claim under Rule 4:6-2(e), Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied, 208 N.J. 368 (2011), we reverse and remand.

I.

Defendants Bohdan Meusz and Nancy Berls-Meusz (Sellers) owned residential property in Bridgewater that they listed for sale with defendants Coldwell Banker Real Estate Services LLC (Coldwell Banker) and Alan George Fross, the listing real estate agent. After purchasing the property, plaintiff discovered certain

defects and brought this suit against Sellers, Fross, and the "Coldwell Banker Defendants": Coldwell Banker, Coldwell Banker Residential Real Estate LLC (CBRRE), and three managing members of CBRRE: Bruce Zipf, Clarke Toole, and Charlotte Sears (Managing Members).

The complaint asserted claims of consumer fraud, common law fraud and fraudulent concealment of a latent defect against all defendants, based on the following allegations:

Fross and Coldwell Banker are licensed by the State of New Jersey as a salesperson and real estate company, respectively. Zipf, Toole and Sears are managing members of CBRRE.

Sellers executed a Seller's Disclosure Statement (SDS) and represented the information they provided was accurate and complete. They "did not disclose any defects in the real property's foundation." Plaintiff reviewed the SDS and entered into a contract, dated August 16, 2015, to purchase the property. During the home inspection, plaintiff observed the "property's crawlspace was physically and visually inaccessible because the access point thereto was secured by a plywood panel that was screwed shut." Fross refused access to the crawlspace and "represented to [p]laintiff and the home inspector that there were no inspection issues or defects beyond the plywood panel that concealed the . . . crawlspace." Prior to the closing, plaintiff

3

"returned to the . . . property to remove the plywood panel," but "was unable to access the interior of the dwelling . . . because [Fross] removed the lockbox and . . . keys to said dwelling." Sellers and Fross "refused to grant [p]laintiff access to the . . . property after" the inspection and prior to the closing date. After purchasing the property, plaintiff removed the plywood blocking the crawlspace, which revealed "several defects with the . . . property's foundation that weaken the structural integrity of the dwelling thereon and may cause its structural failure," including "rotted and severely water damaged floor joists, joists with wood destroying insect damage, a lack of any footing for the inner walls of the foundation, and an organized and widespread and improper use of cinder blocks to support the joist system."

Defendants filed a motion in lieu of an answer to dismiss the complaint pursuant to Rule 4:6-2(e). At oral argument on the motion, counsel for Sellers acknowledged that all facts alleged in the complaint were deemed to be true. Counsel for the rest of the defendants similarly limited her arguments to the sufficiency of the allegations.

## II.

On a motion to dismiss pursuant to Rule 4:6-2(e), courts must "search[] the complaint in depth and with liberality to ascertain

whether the fundament of a cause of action may be gleaned even from an obscure statement of claim." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (citation omitted). All facts alleged in the complaint must be accepted as true, ibid., and plaintiffs are afforded "every reasonable inference of fact." Major v. Maguire, 224 N.J. 1, 26 (2016) (quoting Printing Mart, supra, 116 N.J. at 746). "[I]f necessary," the plaintiff is given an "opportunity . . . to amend." Ibid. (quoting Printing Mart, supra, 116 N.J. at 746); see Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 116 (2009) (noting dismissal under Rule 4:6-2(e) is ordinarily without prejudice to allow the plaintiff to amend the complaint).

In examining the legal sufficiency of the pleading, we are "limited to . . . the facts alleged on the face of the complaint." Printing Mart, supra, 116 N.J. at 746. This means we may consider the "allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when evaluating a motion to dismiss. Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir.), cert. denied., 543 U.S. 918, 125 S. Ct. 271, 160 L. Ed. 2d 203 (2004)).

If a court deciding a Rule 4:6-2(e) motion is presented with and does not exclude "matters outside the pleading," the motion

must "be treated as one for summary judgment and disposed of as provided by [Rule] 4:46, and all parties shall be given reasonable opportunity to present all material pertinent to such a motion." R. 4:6-2. However, "a court may consider documents specifically referenced in the complaint 'without converting the motion into one for summary judgment.'" Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) (quoting E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003), aff'd, 179 N.J. 500 (2004)), certif. dismissed as improvidently granted, 224 N.J. 523 (2016).

### III.

In this case, the only documents referenced in the complaint were the SDS and the contract entered into by the parties on August 16, 2015. Those documents were submitted in support of defendants' motions. However, defendants also supported their motions with a certification from Fross and documents not referenced in the complaint: the property's listing report and a letter between counsel following attorney review that modified the sales contract (Modified Sales Contract Letter).

We summarize relevant parts of the documents submitted in support of the motion:

The property's listing report stated it was for sale "AS IS" and "No repairs will be done by the owners. Buyers will be

responsible for all [Certificates of Occupancy]."

In section 8 of the SDS, covering "<u>STRUCTURAL ITEMS</u>," Sellers disclosed they were aware of the following past or present structural issues: (1) "movement, shifting, deterioration, or other problems with walls or foundations"; (2) "cracks or flaws in the walls or foundation"; and (3) "water leakage or mold in the house." They also disclosed there were "repairs or other attempts to control the cause or effect of" these problems. Where the form asked for more detail, they wrote, "some cracks in wall from winter shifting — need spackle" and "mold in window remediated by 911 restoration June 2010."

Paragraph 36 of the sales contract provided:

> [Plaintiff] is purchasing the property/home as is. No inspections will be conducted and the [plaintiff] is responsible for [the Certificate of Occupancy]. [Plaintiff] will do any and all repairs. . . . There are no other contingencies for the purchase of the property.

The Modified Sales Contract Letter included the following:

> Notwithstanding the foregoing, [plaintiff] represents that he and/or it completed all inspections as desired by [plaintiff] during attorney review [and] as such, no further inspections are required.

In his certification, Fross stated he was "an independent contractor associated with Coldwell Banker" and "not an employee of" either Coldwell Banker or CBRRE, and "do[es] not personally

know, and ha[s] never spoken with" any of the Managing Members "regarding any matter, including the [p]roperty."

Following oral argument, the trial court entered two orders granting defendants' motion and dismissing plaintiff's complaint with prejudice under Rule 4:6-2(e), finding

> [T]he property was explicitly <u>sold as is</u> without any warranties as to its conditions.
>
> And, moreover, despite initially waiving an inspection, [plaintiff] did complete an inspection, at least in part, and <u>represented to all parties that the inspection was conducted and sufficient for [its] purposes</u>.
>
> [(Emphasis added).]

## IV.

The underlined portion of the trial court's statement relied on the property's listing report and the Modified Sales Contract Letter, documents that were not referenced in the complaint. Therefore, defendants' motions were subject to the standard governing summary judgment motions. <u>R.</u> 4:6-2; <u>see, e.g.</u>, <u>R.K. v. D.L.</u>, 434 <u>N.J. Super.</u> 113, 121 (App. Div. 2014) ("[B]ecause the court decided defendant's <u>Rule</u> 4:6-2(e) motion after it considered factual allegations made by the parties in certifications outside the pleadings, it was required to apply the standard governing summary judgment motions in <u>Rule</u> 4:46-2(c)." (citing <u>Roa v. Roa</u>, 200 <u>N.J.</u> 555, 562 (2010))).

Although the materials relied upon by the trial court required the application of Rule 4:46-2 to the motion, it is not evident from the trial court's decision that the summary judgment standard was applied, particularly as to the principle that the evidence is to be viewed in the light most favorable to the non-moving party. Rather, the trial court appeared to conclude that the allegations in the complaint failed as a matter of law based on statements in documents not referenced in the complaint.

"When used in connection with the sale of real property, 'as is' generally means the purchaser is acquiring real property in its present state or condition." K. Woodmere Assocs., L.P. v. Menk Corp., 316 N.J. Super. 306, 316 (App. Div. 1998). "The term implies real property is taken with whatever faults it may possess, and that the grantor is released of any obligation to reimburse purchaser for losses or damages resulting from the condition of the property conveyed." Id. at 317. A related legal principle is the doctrine of "caveat emptor," or "buyer beware," which "dictates that in the absence of express agreement, a seller is not liable to the buyer or others for the condition of the land existing at the time of transfer." T & E Indus. v. Safety Light Corp., 123 N.J. 371, 387 (1991).

However, courts have consistently declined to apply the caveat emptor doctrine where there has been concealment or

nondisclosure of a latent defect. See, e.g., id. at 400 ("[W]e would not countenance a doctrine of 'buyer beware' in the context of fraudulent concealment of infestation of property . . . ."); N.J. Dep't of Envtl. Prot. v. Ventron Corp., 182 N.J. Super. 210, 227-28 (App. Div. 1981) (holding "caveat emptor should not apply" where there has been "nondisclosure . . . of latent, not patent, defects" by a seller), modified on other grounds, 94 N.J. 473 (1983).

Courts have also refused to enforce "as is" or "no warranties" clauses to defeat concealment of latent defects claims. In Weintraub v. Krobatsch, 64 N.J. 445, 447, 455 (1974), the Supreme Court held sellers could be liable for not disclosing a cockroach infestation, even though the sales contract stated "that the purchasers had inspected the property and were fully satisfied with its physical condition, that no representations had been made and that no responsibility was assumed by the seller as to the present or future condition of the premises." Similarly, in the context of the sale of a horse, we held that "as is" and "no warranties" clauses in a contract "were not intended to insulate [sellers] against their misrepresentations or their concealment of information they were required to disclose." Richie & Pat Bonvie Stables, Inc. v. Irving, 350 N.J. Super. 579, 588 (App. Div. 2002). "One who engages in deliberate concealment may not

urge that his victim should have been more circumspect or astute." Correa v. Maggiore, 196 N.J. Super. 273, 281 (App. Div. 1984).

This exception to caveat emptor "rests upon modern concepts of justice and fair dealing which recognize that purposeful concealment can be as destructive as an affirmative false statement." Ibid. Under this principle, "a seller of real estate or a broker representing the seller would be liable for nondisclosure of on-site defective conditions if those conditions were known to them and unknown and not readily observable by the buyer." Strawn v. Canuso, 140 N.J. 43, 59 (1995) (citing Weintraub, supra, 64 N.J. at 454-55); see also Johnson Mach. Co. v. Manville Sales Corp., 248 N.J. Super. 285, 306 (App. Div. 1991) (observing New Jersey common law "imposes a duty on a seller of real property to affirmatively disclose to the buyer a latent defective condition material to the transaction").

Here, the complaint alleges structural defects were hidden behind the secured plywood panel; Sellers concealed the defects; Fross made a misrepresentation in stating there were no inspection issues behind the plywood and denied plaintiff access to inspect. These allegations adequately pled a concealment of latent defects claim. We therefore conclude the trial judge erred in dismissing the complaint with prejudice on this basis.

V.

We next address the claims against CBRRE and the Managing Members. The complaint alleges defendants Zipf, Toole and Sears were each "a managing member of" CBRRE and CBRRE, an LLC, "was the member of" Coldwell Banker, which is also an LLC.

It is "fundamental . . . that a corporation is a separate entity from its shareholders, and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc., 195 N.J. 457, 472 (2008) (quoting N.J. Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983)). Thus, "[e]xcept in cases of fraud, injustice, or the like, courts will not pierce a corporate veil." Ibid. (alteration in original) (quoting Ventron, supra, 94 N.J. at 500).

The corporate veil can be pierced upon "a finding that the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent." Ventron, supra, 94 N.J. at 501. "Even in the presence of corporate dominance, liability generally is imposed only when the parent has abused the privilege of incorporation by using the subsidiary to perpetrate a fraud or injustice, or otherwise to circumvent the law." Ibid.

The complaint does not allege CBRRE or Managing Members in

any way "abused the privilege of incorporation by using" Coldwell Banker "to perpetrate a fraud or injustice, or otherwise to circumvent the law." Ibid. Nor did it allege Coldwell Banker "was either a fraud or a sham, or that it had failed to observe the requisite corporate formalities." Pulaski, supra, 195 N.J. at 473. Simply put, plaintiff never pled the necessary factual allegations in its complaint to support piercing-the-corporate-veil liability against CBRRE or Managing Members.

As a result, all of plaintiff's claims against CBRRE and Managing Members are dismissed without prejudice.

VI.

Plaintiff's consumer fraud claims are governed by the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -206, which requires proof of three elements: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." D'Agostino v. Maldonado, 216 N.J. 168, 184 (2013) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)).

Unlawful conduct under the CFA includes

> [t]he act, use or employment by any person of
> any unconscionable commercial practice,
> deception, fraud, false pretense, false
> promise, misrepresentation, or the knowing,
> concealment, suppression, or omission of any
> material fact with intent that others rely
> upon such concealment, suppression or

omission, in connection with the sale or advertisement of . . . real estate.

[N.J.S.A. 56:8-2.]

"An offense arises under the [CFA] from an affirmative act, an omission, or a violation of an administrative regulation." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 605 (1997). An affirmative misrepresentation must be "material to the transaction and . . . a statement of fact, found to be false, made to induce the buyer to make the purchase." Id. at 607.

A.

The CFA does not apply to "the non-professional, casual seller of real estate." Zaman v. Felton, 219 N.J. 199, 223 (2014). In fact, the Supreme Court "has never applied the CFA against a non-professional, who does not advertise real estate services to the public, based upon his or her purchase of residential real estate for personal use or as an investment." Ibid. The allegations are, therefore, insufficient to support a CFA claim against Sellers as a matter of law, and that claim against them is dismissed without prejudice.

B.

We next consider the CFA claim against the remaining defendants, Fross and Coldwell Banker. They argue the trial court's consideration and reliance upon documents not referenced

in the complaint did not convert their motions into summary judgment motions; a dismissal with prejudice was proper on the documentary evidence that was submitted; and, in any event, the pleadings failed to state a claim upon which relief can be granted.

The fatal deficiency they allege in the CFA count is that it "fails to specifically identify any alleged misrepresentation by the Coldwell Banker Defendants," a description that omits Fross.[2] Coldwell Banker does not argue the complaint suffers from a similar deficiency as to Fross and, significantly, alleges no deficiency either in pleading or evidence regarding the ascertainable loss and causal relationship elements of a CFA claim. Those arguments are, therefore, deemed waived in this appeal. See Gormley v. Wood-El, 218 N.J. 72, 95 n. 8 (2014); Drinker Biddle & Reath LLP v. N.J. Dept. of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (claims not addressed in merits brief deemed abandoned); Pressler & Verniero, Current N.J. Court Rules, comment 3 on R. 2:6-2 (2017).

Unlike an individual seller, Fross is not immune from a CFA claim. See Mango v. Pierce-Coombs, 370 N.J. Super. 239, 254 (App. Div. 2004) (noting "a broker may be liable under the CFA").

The complaint alleges Fross "represented to [p]laintiff and

_____

[2] Defendants identify the "Coldwell Banker Defendants" as Coldwell Banker, CBRRE and the Managing Members.

the home inspector that there were no inspection issues or defects beyond the plywood panel that concealed the . . . property's crawlspace." As noted, the complaint also alleges this statement was false. Because this was certainly a statement of fact material to the transaction, the complaint adequately pled this element of the CFA claim.

Coldwell Banker argues the "alleged misconduct of the other [d]efendants" cannot "sustain the claims against the Coldwell Banker Defendants." We disagree.

The complaint alleges Fross "was employed by" Coldwell Banker. This allegation provides a basis for the application of the doctrine of respondeat superior, rendering Coldwell Banker liable for Fross's misrepresentation "if, at the time of the occurrence, [he] was acting within the scope of his . . . employment." Carter v. Reynolds, 175 N.J. 402, 408-09 (2003).[3]

The pleading is therefore adequate to support a CFA claim against Coldwell Banker.

VII.

Common law fraud consists of five elements: "(1) a material

---

[3]  Fross certified he was "an independent contractor associated with Coldwell Banker." If that is the case, Coldwell Banker can be held liable for Fross's fraud if it "direct[ed] or participate[d] in" it. Baldasarre v. Butler, 132 N.J. 278, 291 (1993).

misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015) (quoting Banco Popular, supra, 184 N.J. at 172-73). Put differently, "legal fraud consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment." Jewish Ctr. of Sussex Cty. v. Whale, 86 N.J. 619, 624 (1981).

Defendants have targeted the fourth element of the fraud claim, "reasonable reliance," as inadequately pled. "Without reasonable reliance on a material misrepresentation, an action in fraud must fail." Triffin v. Automatic Data Processing, Inc., 394 N.J. Super. 237, 249 (App. Div. 2007).

Sellers argue plaintiff made two factual allegations to support its fraud claim against them: (1) Sellers failed to disclose problems with the property's foundation on the SDS; and (2) Sellers refused to give plaintiff access to the crawlspace during the home inspection. At oral argument before the trial court, Sellers' counsel explicitly stated that, for the purpose of the motion, they were "not disputing the facts as alleged in

the complaint." They argued the allegations were insufficient to allege "justifiable reliance." On appeal, however, Sellers argue "these allegations are either disproven by documentary evidence or contradicted by plaintiff's own allegations."

The remaining defendants argue the complaint fails to allege "a single fact upon which to base a common law fraud claim against" Coldwell Banker and also argue the claim was properly dismissed against Fross. They contend "[p]laintiff cannot plausibly establish that it relied upon Fross' alleged misrepresentation regarding the lack of any defects in the foundation in light of the [SDS] which <u>does</u> disclose defects therein." (Emphasis in original).

Defendants' arguments conflate the adequacy of the pleading tested by a <u>Rule</u> 4:6-2(e) motion, with the weighing of evidence undertaken in an analysis under <u>Rule</u> 4:46-2(c).

To survive a <u>Rule</u> 4:6-2(e) motion, the plaintiff only had to allege facts which, if proven, would sustain a judgment in its favor. In contrast, "[t]o defeat a motion for summary judgment, the opponent must "'come forward with evidence" that creates a genuine issue of material fact.'" <u>Cortez v. Gindhart</u>, 435 <u>N.J. Super.</u> 589, 605 (App. Div. 2014) (citation omitted), <u>certif. denied</u>, 220 <u>N.J.</u> 269 (2015).

Although the summary judgment standard should have been

applied here, the arguments were made based on the adequacy of the pleadings. At least for the purpose of their motions, no defendant disputed the factual allegations made in the complaint. We decline to hold plaintiff to a Rule 4:46-2(c) standard when defendants did not challenge the adequacy of its proofs measured against that standard.

The complaint alleges Sellers "did not disclose any defects in the . . . property's foundation in the [SDS]" and Fross refused access to the crawlspace area during the home inspection and affirmatively represented there were no inspection issues or defects behind the plywood panel. Although the SDS disclosed "movement, shifting, deterioration, or other problems with walls or foundations" and "cracks or flaws in the walls or foundation," the detail Sellers provided regarding these issues was "some cracks in wall from winter shifting — need spackle." This disclosure cannot fairly be characterized as being so unequivocal as to preclude any justifiable reliance upon the representation that there were no inspection issues or defects behind the plywood panel as a matter of law.

Similarly, if it is proven that Sellers and Fross knowingly and intentionally concealed the extent of the property's foundational problems, plaintiff's pursuit of an independent investigation thereafter does not impede its right to sue them for

fraud.  See Byrne v. Weichert Realtors, 290 N.J. Super. 126, 137 (App. Div.), certif. denied, 147 N.J. 259 (1996).

Viewing the complaint with the liberality to which it is entitled, the complaint pled with specificity all five elements of a common law fraudulent misrepresentation claim against Sellers, Fross and Coldwell Banker.  The dismissal of these claims is therefore reversed.

## VIII.

In Weintraub, supra, 64 N.J. at 455, the Supreme Court articulated a cause of action based on "deliberate concealment or nondisclosure of [a] latent [defect] not observable by the purchasers on their inspection."  The elements of this claim are: "the deliberate concealment or nondisclosure by the seller of a material fact or defect not readily observable to the purchaser, with the buyer relying upon the seller to his detriment." Ventron, supra, 94 N.J. at 503.

Citing the arguments made regarding the other claims, Sellers argue this claim must be dismissed because plaintiff is unable to prove it relied upon a deliberate concealment to its detriment. Fross and Coldwell Banker argue there are no allegations against them in this count and further, they are unaware of a cognizable claim for purposeful concealment under the facts alleged.  Neither challenge to the sufficiency of the allegations in the complaint

has merit.

The complaint clearly alleges non-minor, material defects: "rotted and severely water damaged floor joists, joists with wood destroying insect damage, a lack of any footing for the inner walls of the foundation, and an organized and widespread and improper use of cinder blocks to support the joist system." The defects were not observable to plaintiff because they were behind a "plywood panel that was screwed shut" and "prevented visual and physical access to the . . . property's crawlspace." The complaint also sufficiently alleged detrimental reliance, stating "[p]laintiff relied on the representations" made by Sellers and Fross in purchasing the property which had "several defects with [its] foundation that weaken the structural integrity of the dwelling thereon and may cause structural failure."

As for the concealment element, the complaint alleges Sellers and Fross "purposefully concealed [the] latent defective conditions from [p]laintiff." With respect to Fross, the complaint alleges he "refused to provide access to the . . . property's crawlspace," "refused to grant [p]laintiff access to the real property" between the inspection and the closing, and "represented to [p]laintiff . . . that there were no inspection issues or defects beyond the plywood panel." Certainly, this allegation of physical and verbal conduct sufficiently alleges concealment.

A-4556-15T4

With respect to Sellers, the complaint alleges they concealed the defects by "not disclos[ing] any defects in the . . . property's foundation in the [SDS]."  As we have noted, although the SDS disclosed some issues with "past or present movement, shifting, deterioration, or other problems with walls or foundation," the explanation given on request minimized rather than disclosed the extent of the issues as alleged in the complaint.  See Ventron, supra, 182 N.J. Super. at 227-28 (finding that "notice of hazardous chemicals within and adhering as residue to the industrial buildings did not put the [buyers] on notice of surface and subsurface contaminants").

These allegations were sufficient to allege a cognizable claim based on the deliberate concealment of a latent defect that was not observable on inspection.  Therefore, we reverse the dismissal of count three of the complaint as to Sellers, Fross and Coldwell Banker.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4556-15T4