963 A.2d 849 (2009)
405 N.J. Super. 105
Harold M. HOFFMAN, Plaintiff-Appellant,
v.
HAMPSHIRE LABS, INC. and Video Age, Inc., Defendants-Respondents.
No. A-3401-07T1
Superior Court of New Jersey, Appellate Division.
Argued November 18, 2008.
Decided January 30, 2009.
*850 Harold M. Hoffman, appellant, argued the cause pro se.
Scott Shaffer, New York City, argued the cause for respondents (The Lustigman Firm, P.C., attorneys; Mr. Shaffer, of counsel; Andrew B. Lustigman and Jill L. Abitbol, on the brief).
Before Judges PARKER, YANNOTTI and LeWINN.
The opinion of the court was delivered by
YANNOTTI, J.A.D.
Plaintiff Harold M. Hoffman appeals from an order entered by the trial court on March 14, 2008, which dismissed his complaint with prejudice pursuant to Rule 4:6-2(e). For the reasons that follow, we modify the trial court's order to provide for dismissal of the complaint without prejudice and affirm.
On November 26, 2007, plaintiff filed a complaint in the trial court individually and on behalf of a class of persons who purchased a product called Herculex. Plaintiff claimed that defendants Hampshire Labs, Inc. and Video Age, Inc. "advertised, promised and represented" to consumers through "print, internet and other media" that the product contained certain ingredients "`that are quickly transported through the tissues of the penis causing a surprisingly large erection to occur in no time at all[.]'"
According to the complaint, defendants' advertisements included various statements about the product, including claims that the product would "`[i]nduce the biggest erections of your life;'" "`[i]nduce a harder, stiffer, more rigid erection;'" "`[i]nduce one erection after another;'" and "`[c]ause female partners to experience spine-quaking orgasms[.]'" These, and other results, were "`guaranteed.'"
Plaintiff further alleged that, "[u]pon information and belief," he and other members of the class heard defendants' advertisements, promises and representations and purchased the product from defendants. Plaintiff claimed that, "[u]pon information and belief," the aforementioned "advertisements, promises and representations" are "false, deceptive, fabricated; constitute a misrepresentation; constitute an unconscionable trade practice; are replete with material omissions; constitute a sharp and deceitful marketplace practice, and are a false promise." Plaintiff asserted that, "[u]pon information and belief," the product "does not, and lacks [the] capacity, to" produce the results "promised, advertised and represented by defendants."
Based on these allegations, plaintiff asserted five claims under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -60. Plaintiff alleged that defendants' conduct constitutes "an unconscionable commercial practice," "deception," "fraud," "false pretense, false promise and/or misrepresentation," and "knowing concealment, suppression *851 and/or omission of material facts" in violation of the CFA. Plaintiff claimed that he and members of the putative class sustained monetary losses as a result of defendants' violations of the CFA. Plaintiff sought treble damages, punitive damages, pre-judgment and post-judgment interest, fees, costs, attorney's fees and penalties.
Plaintiff also asserted a claim for common law fraud. Plaintiff alleged that, in their marketing and sale of Herculex, defendants had
deliberately engaged in deception, false pretense, false promise and/or misrepresentation with respect to material facts, and did so with the intent that others, including members of the plaintiff-class, rely upon same, and, upon information and belief, members of the class did justifiably rely upon same to their detriment.
Plaintiff further asserted that defendants had "deliberately and knowingly" concealed "material facts with the intent that others, including members of the plaintiff-class," would rely thereon. Plaintiff said that, "upon information and belief," members of the class had relied "upon same to their detriment." Plaintiff further alleged that he and members of the putative class had been damaged as a proximate result of defendants' conduct.
On January 16, 2008, defendants filed a motion pursuant to Rule 4:6-2(e) to dismiss the complaint for failure to state a claim upon which relief could be granted. In a certification filed in support of that motion, William Hudlow, defendants' president, stated that plaintiff had placed "his first and only order for Herculex on November 21, 2007." Hudlow also stated that the product had been shipped to plaintiff.
Defendants argued that plaintiff failed to state a claim under the CFA because he had not alleged specific facts to show that defendants violated the CFA or that plaintiff or any member of the putative class had sustained an "ascertainable loss" as required by N.J.S.A. 56:8-10. Defendants further argued that the facts as alleged by plaintiff were insufficient to state a claim of fraud under the common law.
Plaintiff opposed the motion. In his certification, plaintiff stated that he had placed his order for Herculex on November 20, 2007 and suffered a monetary loss on November 21, 2007, when his credit card was charged for the purchase price of the product and shipping costs. Plaintiff asserted that the product had been shipped to him on November 21, 2007. Plaintiff said that, "[i]n all likelihood," he had the product "in his possession" when he filed his complaint on November 26, 2007.
Plaintiff stated, however, that "it hardly matters" whether he received the product before he filed his lawsuit because he had decided to sue defendants after he "examined" defendants' internet website and identified the ingredients of the product. According to plaintiff, the product contains polysorbate, sodium lactate glycerin, saw palmetto, capsicum, aspartame, and caffeine.
Plaintiff said that polysorbate is "an oily liquid used in cosmetics;" sodium lactate glycerin is "used to harden soap[;]" saw palmetto is "an unregulated product" that had not been evaluated by the United States Food and Drug Administration and is "sold by pseudo-scientists and other charlatans[;]" capsicum "may take the form of cayenne pepper" or similar spices; and aspartame is "an artificial sweetener[.]" Plaintiff stated that he suffered a monetary loss when he "reached the reasoned conclusion that water, oil, soap hardener, hot pepper and sweetened coffee *852 were not going to induce anything approximating the promises and representations made by defendant[s] concerning the product."
Appended to plaintiff's certification was a copy of an advertisement for the product that had been mailed to plaintiff's home. The advertisement set forth various claims for the product. The advertisement stated that the product would provide "instant control" and the user would not "have to wait hours to feel the effects like expensive prescription pills." The advertisement stated that the product contained no drugs but suggested that before using the product, the purchaser should consult a "healthcare advisor." The advertisement also stated that, if the purchaser was not satisfied with the product, the purchaser would not have to "pay a single penny."
The trial court heard defendants' motion on March 14, 2008, and placed its decision on the record that day. The court first addressed plaintiff's CFA claims. The court found that plaintiff's CFA claims were deficient for several reasons:
First, plaintiff includes broad and conclusory statements about the product and advertisements. Plaintiff lists the alleged promises of the defendant[s], which include various benefits to sex life or erection of the buyer. However, plaintiff does not link any of these promises to his expectation[s] based on advertising or explain how the product failed to live up to those expectation[s].
Second ... the plaintiff ha[d] not even received let alone used the product before filing the lawsuit. Plaintiff simply had ordered the product. Concededly, plaintiff paid for the product. As such, it is impossible that the plaintiff could have known whether or not the product could have lived up to the promised expectations.
The court then addressed plaintiff's common law fraud claim. The court stated:
At issue in this case is whether or not the plaintiff properly pled detrimental reliance. As mentioned above, plaintiff did not receive and could not have used the product from the defendant[s] until after the complaint was filed. Thus, plaintiff had no way of telling whether or not the product worked as advertised. [Viewing] the evidence [in a light] most favorable to the plaintiff, the most that can be inferred is that plaintiff has a belief that there was a possibility that the product might not perform as advertised. Possibility is not presently existing facts....
It's true [that] plaintiff did order the product and, in fact, [paid] for it. However, [that] cannot give rise to a fraud count in this context either. For example, if plaintiff had ordered the product and it works as advertised [then] clearly it cannot be said plaintiff's reliance was detrimental and thus fraudulent. Rather, it is only where the product does not perform as promised that plaintiff has made out a claim for common law fraud.
On March 14, 2008, the court entered an order that memorialized its decision. This appeal followed. Plaintiff argues that his complaint should not have been dismissed because he alleged sufficient facts to state claims under the CFA and for common law fraud. Plaintiff additionally argues that the court erred by dismissing the complaint with prejudice.
Where, as in this case, a defendant moves pursuant to Rule 4:6-2(e) to dismiss a complaint for failure to state a claim upon which relief may be granted, the trial court must search "`the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of *853 claim, opportunity being given to amend if necessary.'" Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J.Super. 244, 252, 128 A.2d 281 (App.Div.1957)).
A complaint may be dismissed for failure to state a claim if it fails "to articulate a legal basis entitling plaintiff to relief." Sickles v. Cabot Corp., 379 N.J.Super. 100, 106, 877 A.2d 267 (App.Div.) (citing Camden County Energy Recovery Assocs., L.P. v. N.J. Dep't of Envtl. Prot., 320 N.J.Super. 59, 64, 726 A.2d 968 (App. Div.), aff'd, 170 N.J. 246, 786 A.2d 105 (2001)), certif. denied, 185 N.J. 297, 884 A.2d 1267 (2005).
Furthermore, Rule 4:5-8(a) requires that any complaint alleging fraud set forth the "particulars of the wrong, with dates and items if necessary, ... insofar as practicable." Because a claim under the CFA is essentially a fraud claim, the rule requires that such claims be pled with specificity to the extent practicable.
We note that, although defendants sought dismissal of the complaint pursuant to Rule 4:6-2(e), they submitted a certification with additional facts in support of their motion. Plaintiff responded to the motion with a certification that included additional factual information. Rule 4:6-2 provides in pertinent part that:
[i]f, on a motion to dismiss based on the defense numbered (e), matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided by R. 4:46, and all parties shall be given reasonable opportunity to present all material pertinent to such a motion.
Here, the trial court did not treat the motion as one for summary judgment. We are convinced that the court did not err in doing so. Although the parties filed certifications with the trial court, the certifications were primarily focused on whether the complaint did or did not state claims upon which relief could be granted. Moreover, the trial court based its decision on the allegations in the complaint. Therefore, we must determine whether the trial court erred by dismissing the complaint for failure to state a claim pursuant to R. 4:6-2(e).
The CFA provides, among other things, that it is unlawful for persons to use or employ
any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise ... whether or not any person has in fact been misled, deceived or damaged thereby[.]
[N.J.S.A. 56:8-2.]
As originally enacted, the CFA was enforced exclusively by the Attorney General. Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 472-73, 541 A.2d (1988).
The CFA was later amended to permit a private individual to maintain a cause of action if that person has suffered an "ascertainable loss" as a result of "the use or employment by another person of any method, act, or practice declared unlawful under [the] act[.]" N.J.S.A. 56:8-19. The CFA therefore allows "a private cause of action, but only for victims of consumer fraud who have suffered an ascertainable loss." Weinberg v. Sprint Corp., 173 N.J. 233, 249, 801 A.2d 281 (2002) (citing Meshinsky, supra, 110 N.J. at 473, 541 A.2d 1063).
*854 Accordingly, to state a claim under the CFA, a private litigant must allege specific facts that, if proven, would establish the following: "`(1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.'" Dabush v. Mercedes-Benz USA, LLC, 378 N.J.Super. 105, 114, 874 A.2d 1110 (App.Div.) (quoting N.J. Citizen Action v. Schering-Plough, Corp., 367 N.J.Super. 8, 12-13, 842 A.2d 174 (App.Div.), certif. denied, 178 N.J. 249, 837 A.2d 1092 (2003)), certif. denied, 185 N.J. 265, 883 A.2d 1062 (2005).
Notwithstanding plaintiff's arguments to the contrary, we are satisfied that the trial court correctly found that plaintiff failed to allege sufficient facts to state a claim under the CFA. In his complaint, plaintiff asserted that, in their advertisements for Herculex, defendants made promises regarding the product that are false, deceptive and misleading. Plaintiff's allegations, however, are merely statements of a legal conclusion. Plaintiff did not plead specific facts that would allow a fact-finder to draw that conclusion. The complaint therefore lacks sufficient facts that, if proven, would establish that defendants engaged in a "method, act or practice" that is unlawful under the CFA. N.J.S.A. 56:8-19.
Plaintiff's complaint also fails to set forth sufficient facts that, if proven, would establish that plaintiff suffered an "ascertainable loss." To prove such a "loss," a plaintiff must present evidence that shows he suffered "a quantifiable or otherwise measurable loss as a result of the alleged CFA unlawful practice[.]" Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 238, 872 A.2d 783 (2005). See also Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 13-14, 860 A.2d 435 (2004) (holding that, in order to prevail on a CFA claim, a plaintiff must present evidence of a loss that is neither hypothetical nor illusory). Plaintiff's allegations do not meet this standard.
In his complaint, plaintiff alleged that he ordered Herculex and his credit card was charged for the purchase price of the product and its shipping costs. Plaintiff also alleged that the product did not and could not achieve the results promised in the advertisements. However, plaintiff failed to plead sufficient facts to support those allegations.
Plaintiff has not alleged that he used the product and it failed. Nor did plaintiff allege that he was dissatisfied with the product, demanded his money back, and defendants had refused to provide a refund. Thus, plaintiff's claimed monetary loss is purely hypothetical. Therefore, the facts as alleged in the complaint do not constitute an "ascertainable loss" under N.J.S.A. 56:8-19.
Plaintiff argues, however, that the trial court erred by requiring that he use the product in order to state a claim under the CFA. Plaintiff asserts that he should not be required to use a product that might be dangerous or harmful. We note, however, that plaintiff never alleged the product is dangerous or harmful.
In any event, a private party need not allege that he used a product in order to state a claim that the product was advertised and sold based on false promises in violation of the CFA. In fact, one person's experience with a product would not necessarily show that claims made about a product are false. Nevertheless, a plaintiff asserting such a claim must plead sufficient facts that, if proven, would establish the seller's promises about the product are false. The allegation cannot be based upon unsupported assumptions about the product and its ingredients. The allegation *855 must be based on competent evidence and, where required, the opinion of an expert.
We also conclude that the trial court correctly found that plaintiff failed to allege sufficient facts to support a claim of fraud under the common law. To state such a claim, plaintiff must allege facts that, if proven, would establish the following: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610, 691 A.2d 350 (1997) (citing Jewish Ctr. of Sussex County v. Whale, 86 N.J. 619, 624-25, 432 A.2d 521 (1981)). Furthermore, Rule 4:5-8(a) requires that a fraud claim be pled with specificity to the extent practicable.
Here, plaintiff alleged that defendants made material misrepresentations of facts concerning Herculex; however, plaintiff failed to plead specific facts that, if proven, would show that defendants' representations were false. Plaintiff also alleged that defendants knew that their representations about the product were false, but the complaint lacks specific facts which would establish that defendants had such knowledge.
Plaintiff additionally alleged that he and members of the putative class reasonably relied upon defendants' misrepresentations when they purchased the product; however, plaintiff did not allege that he or any class-member purchased the product as a result of defendants' allegedly false statements. Indeed, the complaint lacks any allegation that plaintiff or any class-member was duped into purchasing the product. Thus, plaintiff failed to plead sufficient facts which would establish that he or any member of the putative class detrimentally relied upon defendants' representations or suffered some monetary loss as a result of such reliance.
Although we conclude that the trial court correctly found that plaintiff's complaint failed to state claims upon which relief can be granted, we are convinced that the court erred by dismissing the complaint with prejudice. A motion to dismiss pursuant to Rule 4:6-2(e) ordinarily is granted without prejudice. Smith v. SBC Commc'ns., Inc., 178 N.J. 265, 282, 839 A.2d 850 (2004). Here, the trial court provided no reasons for departing from that general rule.
In our judgment, the trial court should have given plaintiff an opportunity to amend his complaint to provide additional facts that might support his CFA and common law fraud claims. If plaintiff elects to amend his complaint but fails to include specific facts to address the deficiencies noted herein, the complaint should be dismissed with prejudice.
Affirmed as modified, and remanded to the trial court for further proceedings in conformity with this opinion.