**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1558-15T3

NEIL EPSTEIN,

    Plaintiff-Appellant,

v.

BARBARA EPSTEIN, a/k/a
BARBARA PETKA,

    Defendant-Respondent.

_____

        Submitted April 25, 2017 — Decided  May 15, 2017

        Before Judges Rothstadt and Mayer.

        On appeal from Superior Court of New Jersey,
        Law Division, Ocean County, Docket No. L-2467-
        14.

        Christopher M. Manganello, attorney for
        appellant.

        Novins, York & Jacobus, attorneys for
        respondent (Lauren Murray Dooley, on the
        brief).

PER CURIAM

We granted plaintiff, Neil Epstein, leave to appeal from the Law Division's September 30, 2015 order dismissing his complaint against defendant, Barbara Epstein, also known as Barbara Petka. Plaintiff's complaint alleged that, as a result of defendant's fraud and misrepresentations, the late Harry D. Epstein removed plaintiff as a named beneficiary under his living trust and last will and testament, which named defendant as the trustee and executrix. In response to a motion filed by defendant, the court dismissed plaintiff's complaint without prejudice for failure to state a claim pursuant to Rule 4:6-2(e).[1] The court determined that the complaint failed to identify the dates upon which the alleged fraudulent conduct occurred, thereby preventing the court from determining whether the claim was barred by the applicable six-year statute of limitations, N.J.S.A. 2A:14-1, and failed to provide the specificity required by Rule 4:5-8(a) when pleading fraud.

Rather than seeking to file an amended complaint, see Nostrame, supra, 213 N.J. at 127; see also Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 772 (1989), plaintiff filed

---

[1] We deem the order without prejudice because the court did not specify a with-prejudice dismissal, and such orders are typically without prejudice. See Nostrame v. Santiago, 213 N.J. 109, 128 (2013); see also Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 116 (App. Div. 2009).

a motion for leave to appeal. On appeal, he contends his complaint was sufficient and any excluded references to dates was due to their being unknown. We disagree and affirm.

We review a dismissal of a complaint under Rule 4:6-2(e) by applying the same standard as the trial court. We determine whether the pleadings even "suggest[]" a basis for the requested relief. Printing Mart, supra, 116 N.J. at 746. As a reviewing court, we assess only the legal sufficiency of the claim. Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div.), certif. denied, 185 N.J. 297 (2005). Consequently, "[a]t this preliminary stage of the litigation [we are] not concerned with the ability of plaintiffs to prove the allegation contained in the complaint." Printing Mart, supra, 116 N.J. at 746. Rather, we accept the factual allegations as true, Sickles, supra, 379 N.J. Super. at 106, and "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim[.]" Printing Mart, supra, 116 N.J. at 746 (internal quotations and citation omitted). "However, we have also cautioned that legal sufficiency requires allegation of all the facts that the cause of action requires." Cornett v. Johnson & Johnson, 414 N.J. Super. 365, 385 (App. Div. 2010), aff'd and modified, 211 N.J. 362 (2012). In the absence of such allegations, the claim must be dismissed. Ibid.

Applying those principles, we conclude from our review of the limited record[2] submitted to us and the applicable legal principles that plaintiff's argument is without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons stated by the motion judge in his September 30, 2015 eight-page statement of reasons. We agree that the specificity required in a complaint alleging fraud includes some designation as to when the fraud occurred and the content of any alleged misrepresentations. See R. 4:5-8(a); see also Rebish v. Great Gorge, 224 N.J. Super. 619, 626 (App. Div. 1988) "[P]leadings alleging fraud [need] to particularize the wrong with dates and items to an extent practicable.")(emphasis added). Plaintiff's complaint made no attempt to even approximate when the

---

2   We would be remiss if we did not point out that both parties failed to meet their obligation to file a complete appendix, including copies of the motion papers filed by them and considered by the motion judge. See R. 2:6-1(a). Despite the lack of a record, other than plaintiff's complaint and the motion judge's order and decision, the plaintiff recites in his brief an extensive procedural history, without providing us with copies of any motion papers or resulting orders, and defendant lays out a factual history without any support from the meager record. "Obviously, the failure to supply pleadings that are essential to the proper consideration of the issues hinders our appellate review." Johnson v. Schragger, Lavine, Nagy & Krasny, 340 N.J. Super. 84, 87 n.3 (App. Div. 2001). We should dismiss the appeal for these deficiencies, but we temper our urge to do so in the interest of justice.

conduct occurred during the decedent's life or the content of the misrepresentations as alleged.

Accordingly, we affirm the September 30, 2015 order, without prejudice to plaintiff's right to seek leave from the trial court to file an amended complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION