**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0486-18T3

SUMMERTON GROUP, LLC,

    Plaintiff-Appellant,

v.

NESSALEE PRODUCTIONS, LLC,
JORDAN EPSTEIN and VANESSA
EPSTEIN, d/b/a NESSALEE
PRODUCTIONS, LLC,

    Defendants-Respondents.

_____

Argued telephonically November 4, 2019 –
Decided November 19, 2019

Before Judges Koblitz, Whipple, and Mawla.

On appeal from the Superior Court of New Jersey, Law
Division, Monmouth County, Docket No. L-0135-16.

Kenneth Biedzynski argued the cause for appellant
(Goldzweig, Green, Eiger & Biedzynski, LLC,
attorneys; Kenneth Biedzynski, of counsel and on the
briefs).

Dennis P. Uhlmann, Jr. argued the cause for respondents (Frank J. Martone, PC, attorneys; Dennis P. Uhlmann, Jr., on the brief).

PER CURIAM

Plaintiff Summerton Group, LLC, appeals from a September 15, 2017 order dismissing with prejudice its claims against defendants Jordan Epstein and Vanessa Antonelli.[1] We affirm.

In 2013, the parties entered into a commercial lease agreement for units in defendant's building to use as a sales showroom and storage facility for baby furniture, clothing, and accessories. The lease named Nessalee Productions, LLC, (Nessalee) as the commercial tenant, but Epstein and Antonelli signed their names to the lease and the "rider to lease agreement" as tenants and initialed each page. Epstein also signed a document stating that he, as tenant and owner of Nessa Lee Baby, agreed to indemnify and hold harmless plaintiff from "any and all liabilities and claims for damages and/or suits for or by reason of any injury from any cause whatsoever while in or upon [the leased] premises."

---

[1] According to defendants, plaintiff incorrectly named Vanessa Epstein, who is actually Vanessa Antonelli. Our decision will utilize her actual surname of Antonelli because she did not adopt the Epstein surname upon her marriage to Jordan Epstein.

A-0486-18T3

During the lease term, issues arose relating to the lease payment and other additional charges under the lease. Plaintiff filed an eviction action asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment against Nessalee, as well as Epstein and Antonelli as guarantors under the lease. The complaint referenced the lease and its rider. Plaintiff also filed a motion to compel Epstein and Antonelli's depositions, which the court granted.

During the time between the order granting the depositions and the scheduled date for the depositions, Epstein and Antonelli filed a motion to dismiss all claims asserted against them individually for failure to state a claim. Antonelli provided a certification in support of the motion, in which she represented she was the sole member of Nessalee and provided a copy of the marked-up lease, in which the personal guarantees plaintiff requested were deleted from the lease agreement.

Plaintiff's opposition to the motion to dismiss included a certification of William Greenberg, plaintiff's representative, disputing Antonelli's claim that there were no personal guarantees. Greenberg noted the handwriting, which pertained to a lack of personal guarantee, was not his. He argued that because defendants were adamant Epstein was not an owner of Nessalee, there could be

A-0486-18T3

no other explanation why he would sign the lease and rider, except as a guarantor. Greenberg referenced an email attachment sent to Epstein and Antonelli's attorney prior to the lease execution, which conditioned the lease on a personal guarantee. Greenberg noted Epstein and Antonelli signed individually as tenants.

At oral argument on defendants' motion, their attorney noted, in addition to the deletion of the guarantee language there could not be a guarantee because plaintiff "didn't do a credit check, they didn't look into financials. They had no way of actually knowing that [Epstein and Antonelli] could personally guarantee the lease."

In response, plaintiff's attorney conceded the lease contained no guarantee language. However, he argued Epstein and Antonelli were sophisticated parties and further discovery was necessary to determine their relationship to Nessalee, and the reasons Epstein would sign the lease if he had no interest in Nessalee.

The motion judge stated finding a personal guarantee without a specific clause creating one would "violate the whole purposes of . . . incorporation." He added:

> [W]hen you have sophisticated business individuals, particularly dealing with business individuals, . . . the terms of the contract can control. And . . . my role in rewriting contracts is limited, particularly when we're dealing with sophisticated individuals. . . .

4

[W]hen you have commercial enterprises dealing with one another, the terms of the contract control.

. . . .

[Greenberg] is a sophisticated individual, there is no guarantee [in the] contract . . . I'm dismissing any claims for individual guarantees as to [Epstein and Antonelli] only. This has no [bearing on a] finding as to any tortious, fraudulent, or any other claims for wrongdoing that [plaintiff's counsel] may develop following depositions or during ongoing discovery.

The judge dismissed all claims against Epstein and Antonelli with prejudice. Nessalee withdrew its answer. Following a proof hearing, a judgment was entered against Nessalee for $328,229.32.

I.

"A motion to dismiss under Rule 4:6-2(e) requires application of 'the test for determining the adequacy of a pleading: whether a cause of action is "suggested" by the facts.'" Gonzalez v. State Apportionment Comm'n, 428 N.J. Super. 333, 349 (App. Div. 2012) (quoting Printing Mart–Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)).

A-0486-18T3

"In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004). The inquiry is limited to examining the legal sufficiency of the facts alleged only on the face of the complaint; neither trial nor appellate court is concerned with the weight, worth, nature, or extent of the evidence. Dolson v. Anastasia, 55 N.J. 2, 5-6 (1969).

A "with-prejudice" dismissal of a plaintiff's complaint will be reversed if it is "premature, overbroad[,] . . . [or] based on a mistaken application of the law." Flinn v. Amboy Nat'l Bank, 436 N.J. Super. 274, 287 (App. Div. 2014). When we review a trial court's ruling dismissing claims against a party under Rule 4:6-2(e), we apply a plenary standard of review which owes no deference to the trial court's conclusions. Bacon v. N.J. State Dep't of Educ., 443 N.J. Super. 24, 33 (App. Div. 2015).

Plaintiff argues the motion judge violated Rule 4:6-2(e) because he considered "documentation and representations which went well beyond the pleadings[,]" and mandated conversion of the motion to dismiss to a motion for summary judgment. It contends if the motion was adjudicated on a summary

judgment basis, the judge would see there was a genuine issue of material fact and deny the motion. Plaintiff cites case law from other jurisdictions for the proposition that a signature by a representative of a commercial tenant may personally bind the representative. It asserts the motion judge engrafted a requirement that it prove fraud onto its personal guarantee claims, which are separate from and do not contain an element of fraud. Plaintiff argues the judge improperly granted defendants' motion before discovery was complete.

II.

At the outset, we note the motion judge did not reference facts outside the complaint. Therefore, Rule 4:6-2(e) governs our review.

We apply "[t]he rules governing the construction of contracts . . . in resolving a question as to the interpretation of a contract of guaranty." Garfield Tr. Co. v. Teichmann, 24 N.J. Super 519, 526 (App. Div. 1953). "Guaranty agreements are to be strictly construed." Id. at 527. In this regard, plaintiff's claim that there was a personal guarantee warranted dismissal with prejudice because the lease agreement is silent on the subject. Furthermore, the hold harmless agreement, which pertained to a portion of the leased premises and was referenced in the complaint, stated Epstein would "indemnify and hold harmless [plaintiff] from any and all liabilities and claims for damages." It was not a

7

promise to be personally responsible for the rents in the lease agreement. The motion judge did not err when he dismissed the complaint.

For the same reasons, the judge was not required to await completion of discovery before granting defendants' motion and could dismiss plaintiff's claims against Epstein and Antonelli with prejudice. The decision to dismiss with prejudice and deny further amendment of a party's pleadings are matters left to the discretion of the judge. Nostrame v. Santiago, 213 N.J. 109, 127-28 (2013); see also Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 116 (App. Div. 2009). Dismissal with prejudice is appropriate when "further opportunity to amend would not be fruitful." Johnson v. Glassman, 401 N.J. Super. 222, 247 (App. Div. 2008).

Because the four corners of the lease agreement contained no guarantee language, and further discovery on the issue would not change the outcome, the dismissal with prejudice was appropriate. Plaintiff's remaining arguments alleging the judge engrafted a fraud element onto its personal guarantee claim, and its reliance on out-of-state case law, are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION