**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2391-19

PAUL BETHEA,

     Plaintiff-Appellant,

v.

WAHAB ONITIRI, individually
and in his official capacity as the
DIRECTOR OF PUBLIC WORKS
DEPARTMENT FOR THE CITY
OF TRENTON,

     Defendant-Respondent.

_____

Submitted February 9, 2021 – Decided March 25, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1756-19.

Paul Bethea, appellant pro se.

Inglesino, Webster, Wyciskala & Taylor, LLC, attorneys for respondent (Denis F. Driscoll and Joseph M. Franck, of counsel and on the brief).

PER CURIAM

Plaintiff Paul Bethea appeals from a November 22, 2019 order dismissing his complaint without prejudice and a January 10, 2020 order denying his motion for reconsideration. We affirm because his complaint failed to state a cause of action. We also note that the dismissal was without prejudice and, therefore, plaintiff was given the opportunity to try to cure that failure by filing a new complaint.

I.

Plaintiff is employed by the City of Trenton as a sanitation truck driver. He is also the second vice president of the union representing City sanitation workers.

In August 2019, plaintiff, representing himself, filed a civil complaint against defendant Wahab Onitiri "individually and in his official capacity as the Director of Public Works Department for the City of Trenton." Plaintiff asserted three causes of action, contending defendant had violated his First Amendment right of free speech, discriminated against him in violation of his First Amendment rights as a union advocate, and created a hostile work environment.

Defendant moved to dismiss the complaint under Rule 4:6-2(e), arguing that the complaint failed to state causes of action upon which relief could be granted. After plaintiff was granted an adjournment, the motion was scheduled

to be heard on November 22, 2019.  Plaintiff did not file written opposition; rather, he appeared on November 22, 2019, and attempted to hand in his opposition at that time.  Plaintiff explained that he had failed to file his opposition because he was busy seeing doctors about medical issues.  The trial judge did not accept the late opposition, finding that plaintiff had no legitimate excuse because even with his medical appointments, he had had time to file his opposition.  Nevertheless, the court went on to consider the motion on its merits.

On November 22, 2019, the trial court entered an order dismissing the complaint without prejudice and explained the reasons for that order in a short, written opinion.  The trial court pointed out that plaintiff's First Amendment claims were defective because they were asserted as direct causes of action and not under the appropriate federal or state statutes.  See 42 U.S.C. § 1983; N.J.S.A. 10:6-2(c).  The trial court ultimately held that plaintiff's First Amendment claims were legally insufficient because the complaint alleged only speech related to plaintiff's employment, not speech as a citizen on a matter of public concern.  The court also held that plaintiff had failed to state a cause of action for a hostile work environment claim because he did not allege that he belonged to a protected class.

A-2391-19

On December 10, 2019, plaintiff filed a motion for reconsideration. In his moving papers, he did not identify any facts or law that he contended the trial court had overlooked. Instead, he sought to file the opposition that had not been accepted on November 22, 2019. The trial court denied that motion in an order entered on January 10, 2020. Again, the court issued a short statement of reasons in support of its order.

## II.

On appeal, plaintiff makes four arguments. First, he contends that the trial court unjustly denied his motion for reconsideration. Second, he asserts that he has a First Amendment retaliation claim and his complaint should not have been dismissed. Third, he argues that the facts alleged in his complaint are not limited to speech as an employee and constitute matters of public concern. Finally, he contends that defendant's conduct constituted harassment and created a hostile work environment. None of these arguments cures the deficiencies in plaintiff's complaint.[1]

---

[1] Defendant correctly points out that plaintiff did not file a timely notice of appeal from the November 22, 2019 order. Consequently, the only order properly before us is the January 10, 2020 order denying reconsideration. Nevertheless, even in analyzing the order denying reconsideration, it makes sense to review the complaint to see if it states a cause of action.

A-2391-19

We use a de novo standard to review the dismissal of a complaint for failure to state a claim. Rezem Fam. Assocs. v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011); Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005). In reviewing a dismissal under Rule 4:6-2(e), our inquiry is focused on "examining the legal sufficiency of the facts alleged on the face of the complaint." Green v. Morgan Props., 215 N.J. 431, 451 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). Accordingly, we "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, . . . giv[ing opportunity] to amend if necessary." Id. at 452 (quoting Printing Mart-Morristown, 116 N.J. at 746).

An examination of plaintiff's complaint reveals that it fails to state viable causes of action. Even giving plaintiff the benefit of all legitimate inferences, his complaint has not stated a viable claim under the First Amendment of the Federal Constitution or the New Jersey Constitution for several reasons. First, both the First Amendment of the Federal Constitution and Article I, Paragraph 6 of our State Constitution protect an individual's speech from infringement by the government. U.S. Const. amend. I; N.J. Const. art. I, ¶ 6. Consequently, plaintiff cannot assert First Amendment claims against defendant in his

individual capacity. See Perez v. Zagami, LLC, 218 N.J. 202, 216 (2014) (declining to interpret state remedy as "authoriz[ing] actions against a private person for perceived constitutional violations.").

Second, there is no direct private cause of action under the First Amendment of the United States Constitution or Article I, Paragraph 6 of the New Jersey Constitution. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989) (explaining that § 1983 provides the exclusive federal remedy for violations of federal constitutional rights under color of state law); Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 391 n.4, 397 (1971) (recognizing individuals who allege a violation of their federal constitutional rights may have an actionable claim under § 1983); see also Ramos v. Flowers, 429 N.J. Super. 13, 21 (App. Div. 2012) (New Jersey Civil Rights Act "assur[es] a state law cause of action for violations of state and federal constitutional rights[.]"). Instead, § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2, are the appropriate means of vindicating rights guaranteed by the Federal and New Jersey Constitutions. See Jett, 491 U.S. at 735; see also Gormley v. Wood-El, 218 N.J. 72, 97-98 (2014).

Third, even if plaintiff had asserted claims under § 1983 and the New Jersey Civil Rights Act, the allegations in his complaint failed to state a cause

6

of action. "A government entity has broader discretion to restrict speech when it acts in its role as employer, but the restrictions it imposes must be directed at speech that has some potential to affect the entity's operations." Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). There is a two-part inquiry to determine if constitutional protection attaches to speech by a public employee:

> The first requires determining whether the employee spoke as a citizen on a matter of public concern. If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech. If the answer is yes, then the possibility of a First Amendment claim arises. The question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.
>
> [Ibid. (citations omitted).]

In his complaint, plaintiff did not identify specific communications or statements that he made. Instead, he makes general references that defendant was restricting how and to whom he could complain about work conditions. These are insufficient allegations of the actual speech or communications that would allow an inference that plaintiff was speaking as a citizen on a matter of public concern.

Moreover, plaintiff does not allege that any communication he engaged in caused him to be subject to discipline. Instead, read most liberally, his

complaint alleges that he felt defendant was trying to restrict what he might advocate for as a union representative.

Plaintiff's allegations about a hostile work environment are also legally insufficient. Plaintiff does not identify a statutory basis for his claim. Giving him the benefit of reasonable inferences, we assume it is based on New Jersey's Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. To establish a hostile work environment claim under LAD, the complaint must allege facts showing (1) plaintiff is in a protected class; (2) he "was subjected to conduct that would not have occurred but for that protected status;" and (3) the conduct was "severe or pervasive enough to alter the conditions of [his] employment." Victor v. State, 203 N.J. 383, 409 (2010)

Plaintiff has failed to allege that he is in any protected class. Moreover, he does not identify any severe or pervasive conduct on the part of defendant linked to a protected status.

In summary, the facts set forth in plaintiff's complaint fail to establish viable causes of action. Normally, the trial court should give plaintiff an opportunity to amend his complaint to allege additional facts that might support a cause of action. See Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 116 (App. Div. 2009). The decision to allow an amendment, however, "remains

a matter addressed to the [trial] court's sound discretion." Johnson v. Glassman, 401 N.J. Super. 222, 247 (App. Div. 2008) (citing Kernan v. One Wash. Park, 154 N.J. 437, 457 (1998)). We discern no abuse of discretion here because the trial court dismissed without prejudice and plaintiff had the opportunity to prepare and file a new complaint with additional facts that might support a cause of action.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2391-19