**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1473-19

LEO H. WAGNER,

     Plaintiff-Appellant,

v.

WALL TOWNSHIP, a New
Jersey Municipal Corporation,
DAVID SMITHMAN, ANDREW
BALDINO, SEAN O'HALLORAN,
KENNETH BROWN, JR., and
STEVEN ZABARSKY,

     Defendants-Respondents.

_____

Submitted March 3, 2021 – Decided May 14, 2021

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Monmouth County, Docket No. L-3220-19.

Leo H. Wagner, appellant pro se.

Cleary Giacobbe Alfieri Jacobs, LLC, attorneys for
respondents (Catherine Kim, on the brief).

PER CURIAM

Plaintiff Leo H. Wagner appeals from the November 22, 2019 order dismissing his complaint with prejudice. We affirm.

This case stems from a two-car accident at an intersection in Wall Township in March 2019. Officers David Smithman and Shane Roland responded to the scene. Each driver told the officers the other driver was responsible for the accident. Following their investigation, the officers determined plaintiff was at fault and issued him a summons for careless driving, N.J.S.A. 39:4-97. The other driver, James Delaney, received no summons.

Dissatisfied with the results of the officers' investigation, plaintiff filed a civilian complaint against Delaney. When he and Delaney appeared in municipal court to address the pending summons and civil complaint, the municipal prosecutor, Steven Zabarsky, agreed to downgrade plaintiff's offense to a charge of obstructing traffic, N.J.S.A. 39:4-67. Although plaintiff was advised he had the right to proceed to trial and contest the charge against him, he opted to plead guilty to the downgraded offense. Further, the complaint against Delaney was dismissed.

In June 2019, plaintiff filed a complaint against Officer Smithman and his supervising officer, Sergeant Andrew Baldino, alleging they were guilty of official misconduct, N.J.S.A. 2C:30-2, due to their handling of the investigation

of the accident. Additionally, plaintiff filed a civilian complaint against Margery Delaney, a passenger in Delaney's vehicle on the date of the accident. Plaintiff accused her of "theft by deception," N.J.S.A. 2C:20-4, because she filed an insurance claim with plaintiff's insurance carrier after the accident. Due to a conflict of interest, the complaints filed by plaintiff were transferred to the municipal court in the Borough of Sea Girt. The municipal judge found there was no "probable cause for the issuance of the complaints."

Plaintiff subsequently filed a report with the Monmouth County Prosecutor's Office, alleging the officers involved in investigating his accident were guilty of misconduct. The Professional Responsibility and Bias Crime Bureau investigated plaintiff's allegations, found the officers were not criminally liable, and closed the matter. Additionally, Lieutenant Sean O'Halloran of the Wall Township Internal Affairs Police Department reviewed plaintiff's allegations against the officers. Subsequently, the Chief of Police in Wall Township, Kenneth Brown, Jr., advised plaintiff the officers named in his complaint "followed the appropriate departmental policies and procedures and acted within performance guidelines," and their actions "were determined to be justified, legal and proper."

A-1473-19

In September 2019, plaintiff filed a Law Division complaint against Wall Township, Smithman, Baldino, O'Halloran, Brown, and Zabarsky. He alleged, in part, that the police officers who investigated his accident made false statements in their accident report, and their supervisors condoned such ethical violations, instead of sanctioning the officers. Additionally, plaintiff complained the municipal prosecutor "steer[ed] clear of the actual facts of the accident" and the internal affairs investigation did not follow the Attorney General's Internal Affairs Policy and Procedures. He also alleged that based on defendants' actions, he was denied "due process at every stage and by every agency." Defendants moved to dismiss the complaint pursuant to Rule 4:6-2; alternatively, they sought summary judgment against the plaintiff.

On November 22, 2019, following oral argument, the trial court granted defendants' dismissal motion. The judge informed plaintiff that an error "in a police report doesn't give rise to a private cause of action against the police officers." Moreover, the judge found the officers who conducted the accident investigation acted properly, as confirmed by the Wall Township Chief of Police and an Internal Affairs investigation. Thus, the judge determined plaintiff was

A-1473-19

not entitled to relief "based on the immunity set forth under the Tort Claims Act [(TCA)]."[1]  N.J.S.A. 59:1-1 to 13-10.

Acknowledging plaintiff was not satisfied with the Wall Township Police Department, the judge reminded him he "pled guilty to a nonmoving violation," which not only appeared to be a "reasonable resolution" to the dispute regarding the accident, "but kind of proves the case for the defendants."  The judge added the municipal prosecutor "exercised the kinds of discretionary determinations and decisions for which he is entitled to immunity."  Further, the judge found that after reviewing the complaint "with liberality," "[r]easonable minds cannot differ . . . that the complaint in this case . . . should be dismissed.  Even under the Brill[2] standard for summary judgment, . . . there are no substantial facts in dispute."  Accordingly, the judge dismissed his complaint.

---

[1]  The TCA extends immunity to public employees for various activities including: the exercise of judgment or discretion vested in him or her, N.J.S.A. 59:3-2; the good faith execution or enforcement of law, N.J.S.A. 59:3-3; and the failure to adopt or enforce any law, N.J.S.A. 59:3-5.  These specific grants of immunity are subject to a general exception that withholds immunity when the public employee's conduct "was outside the scope of his [or her] employment or constituted a crime, actual fraud, actual malice or willful misconduct."  N.J.S.A. 59:3-14(a).  Also, the TCA does not "exonerate a public employee for negligence arising out of his [or her] acts or omissions in carrying out his [or her] ministerial functions."  N.J.S.A. 59:3-2(d).

[2]  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995).

A-1473-19

On appeal, plaintiff argues the trial court erred by mischaracterizing his case as a "car collision case," rather than one alleging official misconduct. Additionally, he contends the trial court erred in dismissing his case with prejudice and by making various improper statements about his case. We are not persuaded.

Our review of a trial court's ruling on a motion to dismiss is de novo, without deference to the judge's legal conclusions. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). Although the review of the factual allegations of a complaint on a motion to dismiss is to be "undertaken with a generous and hospitable approach," Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989), "[a] pleading should be dismissed if it states no basis for relief and discovery would not provide one," Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011). When the complaint fails to set forth "[t]he traditional articulation" of the elements of a cause of action, no additional facts could be pled, or further proceedings will amount only to "a mere fishing expedition," dismissal with prejudice is entirely appropriate. Nostrame v. Santiago, 213 N.J. 109, 128 (2013).

Guided by these principles, we perceive no basis to disturb the trial court's dismissal of plaintiff's complaint with prejudice. "[I]n balancing the liability and immunity provisions of the TCA, 'immunity is the rule and liability is the exception.'" Smith v. Fireworks by Girone, Inc., 180 N.J. 199, 207 (2004) (quoting Posey ex rel. Posey v. Bordentown Sewerage Auth., 171 N.J. 172, 181-82 (2002)). The immunity provisions of the TCA extend to public employees. Lowe v. Zarghami, 158 N.J. 606, 615 (1999). Here, bearing in mind, as the trial court did, that plaintiff pled guilty to a downgraded charge due to his involvement in the 2019 accident, we are satisfied his complaint does not allege sufficient facts to pierce the immunities afforded to defendants by the TCA. Thus, defendants' motion under Rule 4:6-2(e) was properly granted. See Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 112 (App. Div. 2009) (quoting Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) ("A complaint may be dismissed for failure to state a claim if it fails 'to articulate a legal basis entitling plaintiff to relief.'")).

To the extent that we have not specifically addressed plaintiff's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                          A-1473-19