**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1854-22

ROTIMI A. OWOH,

    Plaintiff-Appellant,

v.

PHH MORTGAGE SERVICES,
LLC,

    Defendant-Respondent.

_____

Submitted February 14, 2024 – Decided March 14, 2024

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5739-22.

Rotimi A. Owoh, appellant pro se.

Stradley, Ronon, Stevens & Young, LLP, attorneys for respondent (Lauren A. Valle, on the brief).

PER CURIAM

Plaintiff Rotimi Owoh appeals the February 17, 2023 Law Division order dismissing his complaint without prejudice pursuant to Rule 4:6-2(e), for failure to state a claim for common law fraud and for violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -228, against defendant PHH Mortgage Services, LLC.[1]  Since plaintiff's pleading did not meet the heightened standard required to proceed with fraud-based causes of action, we affirm the dismissal order.

We glean the following salient facts from the record.  Plaintiff was the debtor in a now-closed bankruptcy proceeding filed in the United States Bankruptcy Court for the District of New Jersey (the bankruptcy litigation). Plaintiff received a monthly mortgage statement from defendant dated August 2, 2022, which included an "Assessed Expenses" charge in the amount of $738.65.

On August 31, 2022, an order was entered in the bankruptcy litigation granting plaintiff's motion for a declaration that he did not owe defendant

---

[1]  Defendant was misidentified as PHH Mortgage Services, LLC in plaintiff's complaint.  Defendant proffers in its merits brief that its correct name is PHH Mortgage Corporation.  For the purposes of clarity of the record and ease of the reader, we refer to that entity as "defendant" throughout this opinion.

$1,400 in legal fees. On September 1, plaintiff sent defendant correspondence disputing the $738.65 charge, predicated on the August 31 order.

On October 18, 2022, defendant responded by letter confirming receipt of plaintiff's September 1, correspondence and asserting that it credited plaintiff's mortgage loan in the amount of $1,400 to satisfy the August 31 order. Defendant further stated that the "Assessed Expenses will not be reflected on [plaintiff's] next monthly mortgage statement" since the court order "direct[ed] [defendant] to remove $1,400 in legal fees from [plaintiff's] account . . . which include[d] the Assessed Expenses referenced in [plaintiff's letter dated September 1, 2022]." Plaintiff's next monthly mortgage statement dated November 1, 2022 included an "Assessed Expenses" charge in the amount of $661.35.

On November 16, 2022, plaintiff filed a complaint against defendant for common law fraud and for violating the CFA, alleging:

> 2. On or around 11-1-2022, plaintiff sent a notice to . . . defendant disputing a charge for "Assessed Expenses" in the amount of $738.65 in the monthly billing statement.
>
> 3. [On o]r around 10-18-2022, plaintiff received a letter from the attorney for . . . defendant indicating that the error has been corrected . . . .

3

4. Despite the letter dated 10-18-2022 from defendant's attorney stating that the error has been corrected[,] plaintiff received a billing statement dated 11-1-2022 with another charge for "Assessed Expenses" in the amount of $661.35. . . .

5. Plaintiff does not owe the purported $661.35 for "Assessed Expenses."

6. Plaintiff had prior problems with the same defendant relating to erroneous billings. For example, the . . . letter dated 10-18-2022 . . . states in pertinent part that "[defendant]'s records indicate that an [o]rder was entered on August 31, 2022 directing [defendant] to remove $1,400 in legal fees from [plaintiff's] [ac]count . . . which include the []Assessed Expenses referenced in the letter."

7. The action(s) of . . . defendant in billing plaintiff for erroneous charges violates the [CFA].

8. The action of . . . defendant in billing plaintiff $661.35 for "Assessed Expenses" despite the letter from defendant's attorney dated 10-18-2022 . . . and despite a court [o]rder dated 10-31-2022[2] violates the [CFA].

9. Defendant's unfair, deceitful, fraudulent, and unconscionable actions and inactions stated above caused plaintiff to incur unnecessary costs and expenses to include but not limited to getting the court [o]rder of August 2022 directing defendants to remove a charge of $1,400 from plaintiffs account . . . .

---

[2] Plaintiff's complaint mistakenly references the date of the court order in the bankruptcy litigation as "10-31-2022," instead of "8-31-2022."

A-1854-22

10. Defendant's conduct of giving plaintiff "endless run-around" and repeating the erroneous charges caused undue stress and emotional distress to plaintiff.

11. Defendant violated the [CFA] and common law fraud for the reasons stated above.

Plaintiff demanded the following relief in the complaint: actual damages including emotional distress, embarrassment, and humiliation; monetary damages associated with filing and prosecuting the lawsuit; statutory damages; punitive damages; treble damages; and attorney's fees. Defendant's October 18, 2022 letter, as well as the August 2 and November 1 monthly mortgage statements, were attached to the complaint as exhibits.

On January 10, 2023, defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 4:6-2(e), arguing plaintiff's common law and CFA claims failed to satisfy Rule 4:5-8(a) because they were pled without particularity and failed to allege material misrepresentation or reliance. Defendant also argued the costs associated with obtaining the August 31, 2022 order in the bankruptcy litigation are not compensable in this action because they were incurred before the monthly statements at issue were sent, and the emotional distress damages sought are not recoverable as a matter of law under the CFA.

On February 17, 2023, the trial court heard oral argument on defendant's motion. During the proceeding, plaintiff stated that he "didn't pay [defendant] anything," in reference to the "Assessed Expenses" listed on the two relevant monthly mortgage statements, and the $661.35 charge had since been removed from his account. Defendant conceded that it did not know why the $661.35 expense had appeared on plaintiff's monthly mortgage statement. During the argument, the court attempted to resolve the matter, inquiring of plaintiff whether he would accept $250. Plaintiff said he would not.

The trial court granted defendant's motion to dismiss plaintiff's complaint without prejudice pursuant to Rule 4:6-2(e). The court found plaintiff failed to plead all elements of a fraud claim with particularity as required under Rule 4:5-8(a). The court also found plaintiff's CFA claim failed because his alleged emotional damages are not statutorily recoverable. A memorializing order was entered on the same date.

On appeal, plaintiff contends the trial court erred because his complaint stated a valid claim, and defendant has shown a pattern of fraudulent conduct. Plaintiff further argues the trial court erred because paragraphs three through eleven of his complaint incorporate the language of the CFA and set forth sufficient facts to support the CFA and common law fraud claims. He also

6

contends the court abused its discretion in trying to coerce him to accept $250 to settle the case.

"Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). "The essential test [for determining the adequacy of a pleading] is simply 'whether a cause of action is "suggested" by the facts.'" Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of [the] plaintiffs to prove the allegation contained in the complaint." Printing Mart-Morristown, 116 N.J. at 746.

To survive a Rule 4:6-2(e) motion to dismiss for failure to state a claim, the plaintiff must present "the essential facts supporting plaintiff's cause of action[, and] conclusory allegations are insufficient in that regard." Scheidt v.

A-1854-22

DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012). "It is not enough for [the] plaintiffs to assert . . . that any essential facts that the court may find lacking can be dredged up in discovery." Printing Mart-Morristown, 116 N.J. at 768. "[T]he indulgent standard embodied in Rule 4:6-2(e) cannot substitute for compliance with our ordinary pleading rules as they relate to claims of fraud and misrepresentation. . . . " Green, 215 N.J. at 460 n.7 (citing R. 4:5-8).

Additionally, under Rule 4:5-2, a plaintiff's claim "shall contain a statement of the facts on which the claim is based, showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the pleader claims entitlement." When a plaintiff alleges fraud, a heightened standard applies to the pleading under Rule 4:5-8(a): "all allegations of misrepresentation, fraud, mistake, breach of trust, willful default or undue influence, particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally."

The elements of a common law fraud claim are: (1) a representation or omission of a material fact; (2) made with knowledge of its falsity; (3) made with the intention that the representation or omission be relied upon; (4)

reasonable reliance on the representation or omission; and (5) damages. DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 336 (App. Div. 2013). In Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 114-16 (App. Div. 2009), we affirmed the trial court's order dismissing the plaintiff's complaint for failure to state a claim under the CFA and common law fraud. In Hoffman, the plaintiff alleged the defendants' promises in a product advertisement were false, deceptive, and misleading but did not "plead sufficient facts which would establish that he . . . detrimentally relied upon [the] defendants' representations or suffered some monetary loss as a result of such reliance." Id. at 116.

As set forth by the trial court in this case, plaintiff did not sufficiently plead each element of common law fraud in the complaint with the specificity required under the heightened pleading standard set forth in Rule 4:5-8(a). Plaintiff alleged in his complaint that defendant is liable for common law fraud because it included an erroneous charge of $661.35 in the November 1, 2022 mortgage statement, despite defendant having sent the October 18 letter stating a $738.65 charge on a prior monthly billing statement would not be reflected in the next statement. Plaintiff does not allege in the complaint that he relied on the erroneous charge to his detriment. Therefore, plaintiff failed to allege

9

detrimental reliance that caused damage as required to plead common law fraud.

We similarly affirm the trial court's decision to dismiss the CFA count without prejudice based upon the failure to comport with Rule 4:5-8(a). "To prevail on a CFA claim, a plaintiff must establish three elements: '1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss.'" Zaman v. Felton, 219 N.J. 199, 222 (2014) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)). Under the CFA, an unlawful practice is defined as:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged . . . .
>
> [N.J.S.A. 56:8-2.]

In Hoffman, this court found that the plaintiff's allegations under the CFA were "merely statements of a legal conclusion. Plaintiff did not plead specific facts that would allow a fact-finder to draw that conclusion." 405 N.J.

10

Super. at 114. Similarly, here plaintiff asserts only conclusory statements and does not plead the elements of a CFA claim, warranting dismissal under Rule 4:5-8(a). Plaintiff's complaint lacks specificity as to what unlawful practice under the CFA is alleged. Therefore, we affirm the trial court's order.

We part company with the trial court to the extent that defendant's motion to dismiss was granted because plaintiff asserted only emotional damages, which are not compensable under the CFA. See Cole v. Laughrey Funeral Home, 376 N.J. Super. 135, 145 (App. Div. 2005); Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 303 (App. Div. 2021). The trial judge appeared to erroneously conclude that plaintiff only alleged non-recoverable emotional damages under the CFA, when plaintiff's complaint also alleges other relief such as statutory and treble damages, as well as attorney's fees, which may be compensable under the CFA.

Finally, we address plaintiff's argument that the trial court improperly tried to coerce him into accepting a $250 settlement offer. Although "[t]he court should never work to coerce or compel a litigant to make a settlement," Peskin v. Peskin, 271 N.J. Super. 261, 277 (App. Div. 1994) (quoting Newton v. A.C. & S., Inc., 918 F.2d 1121, 1128 (3d Cir. 1990)), we find no evidence of "coercion" by the trial court in this record. Instead, the transcript of the

11

motion hearing establishes that the judge attempted to resolve the case by speaking with plaintiff and defense counsel about settlement on the record before ruling on the motion.  The parties did not agree to resolve the case and the trial judge proceeded to decide the motion.  The trial court did not abuse its discretion in discussing settlement with the parties.  We find no error in the attempted dispute resolution.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12