**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3242-22

BRITTANY McHUGH and
CINDY OZIEGBE,

     Plaintiffs-Appellants,

v.

CARLOS ORTIZ and ORTIZ
TRANSMISSIONS, LLC,

     Defendants-Respondents.

_____

Submitted April 23, 2024 – Decided May 16, 2024

Before Judges Sumners and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-000129-20.

Brittany McHugh and Cindy Oziegbe, appellants pro se.

Respondents have not filed a brief.

PER CURIAM

Plaintiffs, Brittany McHugh and Cindy Oziegbe, appeal the Special Civil Part judge's May 9, 2023 order denying their claims against defendants, Ortiz Transmissions, LLC, and its owner Carlos Ortiz, for relief under the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20 and for additional damages. Because the judge failed to make adequate findings of fact and conclusions of law supporting denial of the CFA claims or the determination of damages, we reverse and remand for further proceedings in accordance with this opinion.

I.

A.

We draw the relevant facts and procedural history from our prior decision remanding this matter, McHugh & Oziegbe v. Ortiz, No. A-2788-20 (App. Div. June 1, 2022), and the record. In July 2019, plaintiffs delivered their car for repairs to defendants, providing a downpayment to Ortiz. Months passed and defendants did not repair or return plaintiffs' car, despite repeated requests and inquiries. On December 30, plaintiffs filed their first self-represented complaint against Ortiz seeking the car's return and monetary damages; Ortiz failed to answer.

On June 1, 2020, the judge granted plaintiffs' "order to show cause seeking temporary injunctive relief against defendant" for return of the car. McHugh &

Oziegbe, slip op. at 2. Plaintiffs recovered the car only to find it damaged and inoperable. Plaintiffs next filed a motion "to 'reopen' [the] case and amend the complaint . . . . to add defendant's limited liability company, Ortiz Transmission, LLC, as a defendant and to seek monetary damages for breach of contract and violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20." Id. at 2-3. Defendants failed to respond. Id. at 3. Despite the lack of opposition, the judge nonetheless denied plaintiffs' motion and opined that "[p]laintiff[s] [have] not provided any authority to the [c]ourt to support [their] motion." Ibid. (all but first alteration in original).

Plaintiffs successfully appealed that decision and, on June 1, 2022, we reversed and remanded "with the direction that the trial court consider plaintiffs' contentions anew, and make detailed findings of fact and conclusions of law on all the issues raised." Id. at 4. We concluded the judge's decision was unclear as to whether the case concluded with the June 1, 2020 order or the judge "merely granted temporary injunctive relief . . . ." Id. at 2. Finding "the judge did not make any findings of fact concerning plaintiffs' contentions, state what specific arguments she considered, or explain her conclusions of law in connection with her terse ruling," we held that "the resolution of this matter

'required a careful analysis and the requisite findings to insure a just result.'" Id. at 3-4 (quoting Bailey v. Bd. of Rev., 339 N.J. Super. 29, 33 (App. Div. 2001)).

B.

On remand, on July 15, 2022, the judge granted plaintiffs' motion to amend the complaint adding defendant Ortiz Transmissions, LLC, as well as claims for a breach of contract and violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20. The judge identified the amended complaint attached to plaintiffs' motion, which plaintiffs filed along with a certification in support of default judgment after the complaint once again went unanswered.

Plaintiffs' amended complaint alleged thirty paragraphs of facts, spanning from the parties' first repair agreement through plaintiffs' retrieval of the inoperable car from defendants in further disrepair. The first count alleged breach of contract, claiming damages "including but not limited to costs to clean and repair the car, parking fees incurred . . . and the value of the time that [p]laintiffs were without the car." Count two expressly claimed "an unconscionable business practice under the [CFA]" seeking "triple damages, costs of suit, attorneys' fees . . . and any other relief the court deems equitable and just." Count three alleged specific violation of "the [CFA] Auto Repair Deceptive Practices Regulations," specifically citing N.J.A.C. 13:45A-26C.2.

4                                          A-3242-22

The complaint itemized prohibited conduct under the CFA and enumerated facts claiming that defendants engaged in such behavior. Plaintiffs submitted supporting documentation including what appear to be receipts, estimates, and handwritten calculations of repair costs from a different repair shop.

Apparently considering the complaint without a proof hearing or argument, the judge entered a May 9, 2023 order with a brief statement of reasons granting in part and denying in part plaintiffs' requested relief. Specifically, the judge granted plaintiffs' damages against defendants in the amount of $669.71 stating only that the amount represented the "towing charge, mechanical work, parking tickets, and toll charge per R[ule] 4:43-2(b) and R[ule] 6:6-3(c) because the proofs were competent and persuasive." The judge did not specify the "mechanical work" she referenced or the proof of that loss. The judge denied damages for mileage, opining that the proofs were not "'reasonably certain and definite,' 'as distinguished from mere quantitative uncertainty.' Schwartz v. Menas, 251 N.J. 556, 571 (2022) (citing Weiss v. Revenue Bldg. & Loan Ass'n, 116 N.J.L. 208, 209-[]10 (E. & A. 1936)." Without further discussion, the judge found plaintiffs' proofs were "insufficient to quantify the damages of travelling while the vehicle was in the [d]efendants' possession."

5

The judge denied entirely plaintiffs' requested relief under the CFA, finding without specific reference to the pleadings that plaintiffs "did not plead a CFA claim in their [c]omplaint" and "fail[ed] to establish unlawful conduct as defined by the CFA" pursuant to N.J.S.A. 56:8-2. Recognizing viable CFA claims allege "(1) unlawful conduct . . .; (2) an ascertainable loss . . .; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss," the judge without further explanation viewed plaintiffs' "claim[s] against [d]efendant [a]s more like a breach of contract . . . ." The judge accordingly determined: "[Plaintiffs] assert that they had a contract with [d]efendants to repair the vehicle, and [d]efendant breached that contract by failing to perform. Accordingly, they are not entitled to an award of treble damages available under the CFA."

Plaintiffs raise the following issue on appeal:

> The [d]efendant[s'] actions constitute[] an unconscionable business practice under the Consumer Fraud Act. The [d]efendants['] violation of the Consumer Fraud Act entitle the plaintiff[s] to an award of triple damages up to the jurisdictional limit of the Special Civil Part of $20,000. The default judgment is against the weight of the evidence.

II.

A-3242-22

"The scope of appellate review of a trial court's fact-finding function is limited."  In re D.L.B., 468 N.J. Super. 397, 416 (App. Div. 2021) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)).  Ordinarily, the trial court's findings "are binding on appeal when supported by adequate, substantial, credible evidence."  Ibid. (quoting Cesare, 154 N.J. at 411-12).  Such deference "is especially appropriate when the evidence is largely testimonial and involves questions of credibility."  Ibid. (quoting Cesare, 154 N.J. at 412).  The "court's interpretation of the law and the legal consequences that flow from established facts," however, "are not entitled to any special deference" and are subject to de novo review on appeal.  Accounteks.Net, Inc. v. CKR L., LLP, 475 N.J. Super. 493, 503 (App. Div. 2023) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  Moreover, our ability to resolve an appeal is largely dependent upon the trial court's compliance with its obligation to state its findings of fact and conclusions of law as required by Rule 1:7-4.  To comply, the court must articulate factual findings and correlate them with the principles of law.  Curtis v. Finneran, 83 N.J. 563, 570 (1980).  Applying these standards to the Special Civil Part judge's findings, and viewing the judge's decision against the backdrop of the applicable law and the plain language of

plaintiffs' amended complaint, we cannot discern a basis for the judge's denial of plaintiffs' claims.

"Construe[d] liberally to accomplish its broad purpose of safeguarding the public," Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 11-12 (2004), the CFA "establishes 'a broad business ethic' applied 'to balance the interests of the consumer public and those of the sellers,'" D'Agostino v. Maldonado, 216 N.J. 168, 184 (2013) (quoting Kugler v. Romain, 58 N.J. 522, 543-44 (1971)). "There is no precise formulation for an 'unconscionable' act that satisfies the statutory standard for an unlawful practice." Ibid. The CFA recognizes three broad categories of consumer fraud violations: "affirmative acts, knowing omissions, and regulatory violations." Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc., 192 N.J. 372, 389 (2007) (quoting Cox v. Sears Roebuck & Co., 138 N.J. 2, 17 (1994)).

To state a claim pursuant to the CFA, a plaintiff must allege "three elements: (1) unlawful conduct . . .; (2) an ascertainable loss . . .; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff[']s ascertainable loss." Ibid. (quoting N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div. 2003)). Furthermore, the CFA "essentially replaces reliance, an element of proof traditional to any fraud

8                                                                    A-3242-22

claim, with the requirement that plaintiff prove ascertainable loss." Ibid. (citing Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 246 (2005)). An ascertainable loss is a "loss that is quantifiable or measurable." Thiedemann, 183 N.J. at 248.

"In cases involving breach of contract or misrepresentation, either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle and will set the stage for establishing the measure of damages." Ibid. The evidence of the loss presented to the court must not be "hypothetical or illusory" and "must be presented with some certainty demonstrating that it is capable of calculation . . . ." Ibid. Ascertainable loss will be sufficiently demonstrated even with "[a]n estimate of damages, calculated within a reasonable degree of certainty . . . ." Id. at 249 (quoting Cox, 138 N.J. at 22). Plaintiffs, consequently, must "demonstrate a cognizable and calculable claim of loss due to the alleged CFA violation." Ibid. (citing Weinberg v. Sprint Corp., 173 N.J. 233, 254 (2002)). "When a plaintiff has proven the defendant's unlawful conduct, demonstrated an ascertainable loss and established a causal relationship between the conduct and the ascertainable loss, N.J.S.A. 56:8-19 requires an award of treble damages and provides for other remedies . . . ." D'Agostino, 216 N.J. at 185.

9

To further the CFA's protections in specific consumer situations, corresponding regulations identify conduct constituting unconscionable practices under the CFA. See Scibek v. Longette, 339 N.J. Super. 72, 78-79 (App. Div. 2001). A violation of these regulations violates the CFA. See Sprenger v. Trout, 375 N.J. Super. 120, 131 (App. Div. 2005). Specific regulations address CFA requirements and violations concerning automotive repairs, including N.J.A.C. 13:45A-26C.2, which was cited by plaintiffs in their amended complaint.

### III.

We first consider the judge's determination that plaintiffs "did not plead a CFA claim in their complaint," in light of the applicable law and allegations in the amended complaint. In our view, plaintiffs alleged specific facts and cited applicable statutory provisions and CFA regulations in support of their claims.

Almost mirroring the prohibited conduct listed in N.J.A.C. 13:45A-26C.2, plaintiffs enumerated grounds for relief, including defendants: "making false promises" to repair when they "made no attempt to repair;" failing to identify and list the parts they intended to use to make repairs; "fail[ing] to provide a clearly and separately itemized list of the charges for parts and labor and did not identify whether the parts were new, rebuilt or used;" and failing to "post in a

10

conspicuous place a sign" which informed that dealers "must provide a written estimate, copies of all receipts, detailed invoices, a copy of any guarantees" and return any "replaced parts" on request. Plaintiffs expressly pleaded that defendants provided no "final invoice" and "no paperwork or documentation of any kind." As such, we disagree with the judge's finding that plaintiffs' complaint did not allege a CFA claim. To the contrary, plaintiffs' complaint sufficiently alleges violations of the CFA, including violations of its regulatory provisions. See Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 114 (App. Div. 2009) (recognizing that "mere[] statements of a legal conclusion" are not "sufficient facts that, if proven, would establish that defendants engaged in a 'method, act or practice' that is unlawful under the CFA").

Further, it appears the judge, as if concluding breach of contract and violation of the CFA are somehow mutually exclusive and conflicting causes of action, found without further discussion that plaintiffs' claims were "more like a breach of contract . . ." and therefore plaintiffs were "not entitled to an award of treble damages available under the CFA." While certainly "a simple breach of warranty or breach of contract is not per se unconscionable," D'Agostino, 216 N.J. at 189 (quoting Gennari v. Weichert Co, Realtors, 288 N.J. Super. 504, 533 (App. Div. 1996), aff'd as modified, 148 N.J. 582, 590 (1997)), unconscionable

11

breaches of consumer contracts can certainly trigger application of the CFA. See Manahawkin Convalescents v. O'Neill, 217 N.J. 99, 122 (2014). Because the judge's decision lacked sufficient discussion of both applicable law and fact, we cannot determine if the judge in finding breach of contract erroneously believed she could not also find a violation of the CFA.

We next consider the judge's award of damages to plaintiffs. We similarly cannot decipher the judge's reasons for limiting damages to the "towing charge, mechanical work, parking tickets, and toll charge" and denying the remaining damages without detail, particularly in light of defendants' default. While we recognize that plaintiffs' attached records are somewhat confusing, we see no indication that the judge afforded plaintiffs a proof hearing or some ability to present argument or testimony as permitted by Rule 4:43-2(b). As in this case, proof of liability and damages after default requires only a prima facie standard of proof. Kolczycki v. City of East Orange, 317 N.J. Super. 505, 514-15 (App. Div. 1999); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.2 on R. 4:43-2 (2024) (stating that "unless there is intervening consideration of public policy or other requirement of fundamental justice, the judge should ordinarily apply to plaintiff's proofs the prima facie case standard of R[ule] 4:37-2(b) and R[ule] 4:40-1, thus not weighing evidence or finding facts but only

determining bare sufficiency"). If uncertain as to the precise damages, given defendants' default status and plaintiffs' presentation of sufficient information to indicate further loss, the judge should have held a hearing to determine "the amount of damages or . . . the truth of any allegation." R. 4:43-2(b). We therefore reverse the denial of plaintiffs' CFA claims and remand for a proof hearing as to both liability and damages pertaining to their breach of contract and CFA claims.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3242-22